# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PARKS, LLC, | : | |
|         Plaintiff, | : | |
|         v. | : | |
|  | : | Civil Action No. _____ |
| TYSON FOODS, INC., and | : | |
| HILLSHIRE BRANDS COMPANY | : | |
|         Defendants. | : | |
|  | : | |

## COMPLAINT

Plaintiff, Parks, LLC (hereinafter "Parks"), by its attorneys, brings this complaint seeking injunctive relief against defendants Tyson Foods, Inc. (hereinafter "Tyson") and Hillshire Brands Company (hereinafter "Hillshire") formerly known as Sara Lee Corporation, collectively referred to as "Defendants," and alleges, on personal knowledge as to its own activities, and on information and belief as to the activities of others, as follows:

1.      This is a civil action for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), common law trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a), federal trademark dilution under the Lanham Act, 15, U.S.C. § 1125(c); unfair competition under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2 (4); common law trademark infringement under the Pennsylvania Trademark Law, 54 P.S. §§ 1123, 1126; trademark dilution under the Pennsylvania Trademark Statute, 54 P.S. § 1124, and for common law unfair competition.  Parks seeks injunctive relief as well as a determination that Defendants' conduct constitutes deliberate, willful and/or bad faith conduct such that this should be declared an exceptional case under 15 U.S.C. § 1117(a).

2.      Parks sells and has sold for many years processed meat and other products including sausages in the United States under the name PARKS which is its common law trademark.

3.      Defendants have recently begun to sell in the United States processed meat products including sausages, specifically frankfurters under the trademark PARK'S FINEST.

4.      Defendants' use of the trademark PARK'S FINEST is likely to cause confusion among consumers and thus infringes upon Parks' common law trademark PARKS.

5.      Defendants' use of the trademark PARK'S FINEST is likely to cause reverse confusion among consumers in that, because of their size and overwhelming marketing and advertising resources compared to Parks, consumers may believe that Defendants, the newcomer, not Parks, the original, is the owner of the PARKS trademark.

6.      Defendants' use of the trademark PARK'S FINEST falsely represents to consumers that they are selling Parks' products, specifically Parks' finest products.

7       Defendants have falsely advertised their products as PARK'S FINEST from BALL PARK.

**THE PARTIES**

8.      Parks is a Maryland corporation having its principal place of business at 5700 Corporate Drive, Suite 455, Pittsburgh, Pennsylvania 15237.

9.      Tyson is a Delaware corporation having its principal place of business at 2200 W. Don Tyson Pkwy, Springdale, Arkansas 72762 and having a regular and established place of business at 403 South Custer Avenue, New Holland, Pennsylvania 17557.

10.     Hillshire is a wholly owned subsidiary of Tyson; it is a Maryland corporation having its principal place of business at 400 South Jefferson Street, Chicago, Illinois 60607 and

is registered to business in Pennsylvania at CT Corporation, 116 Pine Street, Harrisburg, Pennsylvania 17101.

## JURISDICTION AND VENUE

11.     This action involves claims arising under the Lanham Act (Title 15, United States Code, Sections 1114, 1121, 1125(a) and 1125(c)) and under the laws of the State of Pennsylvania, including false advertising, trademark infringement, false designation, and unfair competition, trademark dilution, and common law fraudulent misrepresentation.

12.     This Court has jurisdiction over the subject matter of the causes of action stated herein pursuant to 28 U.S.C. §§ 1331 and 1367.

13.     This Court has personal jurisdiction over Defendants, Tyson and Hillshire.  Tyson is registered to do business in Pennsylvania and has a regular and established place of business at 403 South Custer Avenue, New Holland, Pennsylvania 17557.  Hillshire is registered to do business in Pennsylvania at CT Corporation, 116 Pine Street, Harrisburg, Pennsylvania 17101. Defendants sell products bearing the infringing trademarks in Pennsylvania including in this judicial district; have disseminated advertising bearing the infringing trademarks and containing the false designations and representations in Pennsylvania including in this judicial district; and otherwise conduct business in Pennsylvania including this judicial district.

14.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (c) because the Court has personal jurisdiction over Defendants.  Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because events or omissions giving rise to the claims occurred in this judicial district.  Defendants have solicited and made sales in this judicial district which are the subject of Parks' false advertising, trademark infringement, false designation, unfair competition and common law fraudulent misrepresentation claims, including at grocery stores and

supermarkets.  Defendants have also committed the offending acts by advertising on the internet which is accessible and used by residents of this judicial district.

## BASIS FOR PARKS' CLAIMS

**Parks' common law trademark PARKS has enjoyed a good reputation since 1950.**

15.     Parks' business began as the H.G. Parks Sausage Company which was founded in 1950 by Henry G. Parks in Baltimore, Maryland.  The company manufactured its sausages and other processed meat products in a processing plant in that city.  Over the next thirteen years, Henry Parks led the company through a continuous expansion to become famous as the first black-owned corporation to be listed on an American stock exchange when, in 1969, it was listed on the New York Stock Exchange.

16.     From 1950, the Parks Sausage Company advertised and sold its products under the trademark PARKS, principally in the Eastern United States.  Parks' advertising included radio and television commercials of a distinctive plea in the voice of a child for "more Parks' sausages Mom" which later was modified as "more Parks' sausages Mom, please."  That commercial can still be seen on the Internet.  Parks' trademark PARKS became a famous historic trademark.

17.     Henry Parks died in 1989.  His company continued to succeed for a number of years but then went into a decline.  The company was forced to declare bankruptcy in 1995.

18.     Two business men, Franco Harris and Lydell Mitchell,  who own and operate another food company, Super Bakery, Inc.("Super Bakery"), which specializes in nutrition-oriented foods for schoolchildren and sells food products to the armed services, became aware of the bankruptcy and saw an opportunity to expand their current business with an established brand, PARKS.  They decided to act to save the iconic business that Henry Parks had created, to

return it to its former fame, and to enlarge upon that resurgence.  They formed Parks which acquired the assets of Parks Sausage Company in 1996 for that purpose.  Parks continued to market and sell sausages and other processed meat products under the PARKS trademark.

19.     Harris and Mitchell soon learned that the manufacture and marketing of processed meat products in the United States was a highly specialized field that required skills and resources that they did not yet possess.  Parks entered in to a license agreement with a leading producer of processed meat products, Dietz & Watson, which had operated successfully in that field since 1939.

20.     Pursuant to the agreement, Dietz & Watson took over the Parks Sausage Company plant in Baltimore doing business as Parks Sausage Company and continued to process meat products in that facility and marketing and selling the products under the PARKS trademark.  In 2002 Dietz & Watson moved the production of some of the PARKS products to its Philadelphia plant at 5701 Tacony Street, Philadelphia, PA 19135, where it continues today. Parks also granted a license to Super Bakery, Inc. under the PARKS trademark, which it uses to market processed meat products including sandwiches, principally to United States military and other institutions for distribution throughout the United States.  That arrangement continues today.  Parks has used the mark PARKS continuously since acquiring the assets of Parks Sausage Company in 1995.

21.     The PARKS trademark, which Parks and its predecessors have owned since 1950, has enjoyed a good reputation during that time, including since 2014.

**Defendants first used the PARKS trademark in 2014.**

22.     In 1961, Hygrade Food Products, Inc. ("Hygrade") of Detroit, Michigan began marketing and selling hot dogs under the trademark BALL PARK.

23.     In 1989, Hygrade was acquired by Sara Lee Corporation ("Sara Lee"), a Maryland corporation having its principal place of business at 400 South Jefferson Street, Chicago, Illinois 60056, which continued to use the trademark BALL PARK on hot dogs.

24.     In 2012, Sara Lee changed its name to Hillshire Brands Co. ("Hillshire").

25.     In August, 2014, Hillshire was acquired by Tyson and merged with Tyson to form one business.

26.     Tyson claims to be and is one of the largest marketers of processed meat products in the world.

27.     Tyson has for many years specialized in the marketing of processed meats and other products under various trademarks which it refers to as brand names.  Tyson has made a practice of acquiring trademarks and brand names of other companies who market processed meat and other food products and promotes itself as a house of brands.

**The PARKS and BALL PARK trademarks have coexisted for more than 50 years.**

28.     For at least 54 years, Defendants and their predecessors have sold frankfurters under the trademark BALL PARK.

29.     During that 54 years prior to 2014 PARKS and BALL PARK have been recognized as distinct trademarks on processed meat products without conflict.

**Defendants began using PARK'S FINEST as a trademark in 2014.**

30.     Defendants now use PARK'S FINEST as a trademark.

31.     In 2014, Hillshire for the first time began to advertise and sell their processed meat products in packages with PARK'S FINEST in large block type with Ball Park superimposed in much smaller italic script showing a cross-section of what appears to be a sausage link as shown in the photograph below.



32      In their advertising, Hillshire and now Tyson use BALL PARK as its house mark and explicitly state that "We brought Park's Finest premium franks to your stores."

33      In their nationally broadcast television advertisements, Hillshire and now Tyson claim to be the source of Parks' products.  The announcer holds out a PARK'S FINEST package saying; "Parks finest from Ball Park."

34      The representation by Defendants in connection with the sale of their products that they are selling Parks' finest products is a misrepresentation of fact and false advertising.

35      Defendant's use of PARK'S FINEST in the marketing and sale of its products is common law trademark infringement.

**Defendants knowingly and intentionally adopted Parks' trademark.**

36      Defendants and Parks had, prior to 2014, been direct competitors in the sale of processed meats including sausage links, placing their processed meat products side by side in the same supermarkets and other stores.

37.     At the time Defendants began advertising its products as PARK'S FINEST, they and their employees were fully aware of Parks' long-time prior use of the trademark PARKS.

38.     Defendants did not communicate with Parks and did not attempt to communicate with Parks prior to embarking on their use of the PARKS trademark in 2014.

39.     Defendants' adoption of Parks' trademark PARKS and use in advertising their products was made with the intention of preempting PARKS and replacing Parks as the recognized owner the PARKS trademark for processed meat products, including sausage links.

**Tyson's acquisition of Hillshire threatens to**
**Expand Defendants' use of PARK'S FINEST**

40.     Prior to its acquisition of Hillshire, Tyson proclaimed in its publications, on its web site and in its advertisements to be one of the world's largest processors and marketers of processed meat products, at more than 400 facilities and offices in the U.S. and around the world.

41.     Tyson's spent more than $1.5 Billion during the past three years on advertising and promotion.

42.     Tyson spent more than $24 Billion in 2014 to acquire Hillshire.

43.     Tyson, now including Hillshire, is an overwhelmingly larger business entity than Parks.

44.     Tyson has made clear that it will expand the promotion and advertising of its new brand PARK'S FINEST; on January 12, 2015, Tyson publicly announced that, as a result of its acquisition of Hillshire, it is in the process of launching new extensions to expand PARK'S FINEST.

45.     Parks will be outmatched and swamped by the volume and extent of Tyson's anticipated advertising and marketing of its products with Hillshire, using the PARKS trademark in PARK'S FINEST.

46.     Tyson's continued use of the PARKS trademark threatens to destroy the business Parks has sustained thus far and the expansion of that business under the trademark PARKS.

## COUNT I

### FALSE STATEMENTS OF FACT UNDER 15 U.S.C. § 1125(a)

47.     Parks realleges and incorporates the allegations of paragraphs 1-46 of this Complaint and, in addition alleges:

48.     Defendants' marketing and sale of their products as PARK'S FINEST is a literally false statement, misrepresenting Tyson's products as products of Parks in violation of 15 U.S.C § 1125(a).

49.     As a result of Defendants' actions, Parks will be substantially and irrevocably injured if they are permitted to continue.

50.     Parks has no adequate remedy at law.

51.     Parks is entitled to its costs and attorneys fees pursuant to 15 U.S.C. § 1117.

## COUNT II

### COMMON LAW TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

52.     Parks realleges and incorporates the allegations of paragraphs 1-51 of this Complaint and, in addition alleges:

53.     Defendants' marketing and sale of their products using the trademark PARK'S FINEST, alone or with BALL PARK, will likely cause confusion as to the source of Defendant's products resulting in direct trademark confusion.

54.     Defendants' marketing and sale of their products using the trademark PARK'S FINEST, alone or with BALL PARK, will likely cause confusion as to the source of Parks' products, resulting in reverse trademark confusion.

55.     Defendants' marketing and sale of their products using the trademark PARK'S FINEST, alone or with BALL PARK, alone or with BALL PARK, will cause Parks to lose the value of its mark including its goodwill and reputation and ability to move into new markets.

56.     Defendants' marketing and sale of their products using the trademark PARK'S FINEST, alone or with BALL PARK, infringes Parks' common law trademark PARKS in violation of 15 U.S.C § 1125(a).

57.     As a result of Defendants' actions and because of their advantage in size and resources over Parks, Parks will be substantially and irreparably harmed if Defendants are permitted to continue.

58.     Parks has no adequate remedy at law.

59.     Parks is entitled to its costs and attorneys fees pursuant to 15 U.S.C. § 1117.

## COUNT III

## FEDERAL DILUTION

60.     Parks realleges and incorporates the allegations of paragraphs 1-59 of this Complaint, and in addition alleges;

61.     The PARKS mark has acquired secondary meaning and distinctiveness.

62.     The PARKS mark is widely recognized by the general consuming public of the United States as a designation of source of the goods sold by Parks.

63.     The PARKS mark is a famous mark.

64.     Defendants' use of the PARKS mark in commerce is likely to dilute the PARKS mark by blurring in violation of 15 U.S.C. § 1125(c).

65.     Defendants' use of the PARKS mark in commerce has diluted the PARKS mark by blurring in violation of 15 U.S.C. § 1125(c).

66.     Parks has no adequate remedy at law.

## COUNT IV

## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION

67.     Parks realleges and incorporates the allegations of paragraphs 1-66 of this Complaint and, in addition alleges:

68.     Defendants' actions as alleged constitute unfair competition under common law.

69.     Parks has no adequate remedy at law.

## COUNT V

## PENNSYLVANIA DILUTION

70.     Parks realleges and incorporates the allegations of paragraphs 1-69 of this Complaint, and in addition alleges;

71.     The PARKS mark has acquired secondary meaning and distinctiveness.

72.     The PARKS mark is widely recognized by the general consuming public of the United States as a designation of source of the goods sold by Parks.

73.     The PARKS mark is a famous mark.

74.     Defendants' use of the PARKS mark in commerce is likely to dilute the PARKS mark by blurring in violation of Pa.C.S.A. § 1124.

75.     Defendants' use of the PARKS mark in commerce has diluted the PARKS mark by blurring in violation of Pa.C.S.A. § 1124.

76.     Parks has no adequate remedy at law.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

77.     Parks realleges and incorporates the allegations of paragraphs 1-76 of this Complaint, and in addition alleges;

78.     Defendants' conduct constitutes common law unfair competition.

## PRAYER FOR RELIEF

Parks demands that judgment as follows be entered in its favor and against Defendants:

1.     Permanently enjoining Defendants from infringing Parks' trademark PARKS, including but not limited to using PARKS FINEST, either alone or with BALL PARK, in connection with the marketing and sale of processed meat including hot dogs;

2.     Permanently enjoining Defendants from engaging in false advertising and unfair competition against Parks by making representations that they are selling Parks' products, including but not limited to identifying their hot dogs as BALL PARK PARK'S FINEST;

3.     Declaring that this case is exceptional under 15 U.S.C. § 1117 and awarding Parks its costs and attorneys fees; and

4.     Awarding such other relief as the Court deems proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Parks hereby demands a trial by a jury of all issues so triable.

February 24, 2015                                          Respectfully submitted,


BY:    James C. McConnon
       by ARS

       JAMES C. MCCONNON, ESQ.
        Pennsylvania Atty. No.  13011
       JOHN S. CHILD, JR.
        Pennsylvania Atty. No.  18838
       ALEX R. SLUZAS, ESQ.
        Pennsylvania Atty. No.  39931

       ATTORNEYS FOR PLAINTIFF

       PAUL & PAUL
       1717 Arch Street
       Suite 3740
       Philadelphia, PA  19103
       Tel.: (215) 568-4900
       Fax: (215) 567-5057

## VERIFICATION

I, Franco Harris, declare as follows:

I am President of Parks, LLC.  I have read the foregoing Complaint and know the contents thereof.  The statements concerning Parks are true of my own knowledge and the remaining statements are true on the basis of information and I believe them to be true.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

February 23, 2015.

Franco Harris

## VERIFICATION

I, Franco Harris, declare as follows:

I am President of Parks, LLC.  I have read the foregoing Complaint and know the contents thereof.  The statements concerning Parks are true of my own knowledge and the remaining statements are true on the basis of information and I believe them to be true.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.


February 23, 2015.                    _____
                                      Franco Harris