IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARKS, LLC. | : |
| Plaintiff, | : |
| v. | : Civil Action No. 15-0946-JFL |
| TYSON FOODS, INC., and<br>HILLSHIRE BRANDS COMPANY, | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF EXPEDITED MOTION OF
DEFENDANTS TYSON FOODS, INC. AND HILLSHIRE BRANDS COMPANY
TO COMPEL PLAINTIFF TO PROVIDE PROPER RESPONSES TO DEFENDANTS'
FIRST RULE 33 AND RULE 34 DISCOVERY REQUESTS**

Defendants Tyson Foods, Inc. and Hillshire Brands Company ("Defendants"), through the undersigned counsel, seek an order compelling Plaintiff Parks, LLC ("Plaintiff" or "Parks") to provide: (1) all responsive, non-privileged documents sought under Defendants' First Request for Production of Documents ("Requests"); and (2) substantive responses to Defendants' First Set of Interrogatories ("Interrogatories"). Defendants also move for an expedited briefing schedule in light of the impending discovery deadline of September 15, 2015. Rather than the proscribed period of 14 days under Local Rule 7.1(c), Defendants request that any response brief be due within 7 days of filing, or by August 7, 2015.

Plaintiff admits that it has withheld all Parks documents responsive to Defendants' Requests that are dated within the last 14 years.[1] Plaintiff has asserted that it is standing on its

---

[1] The produced documents (*i.e.*, 14 years dated and older) are largely irrelevant and were dumped on Defendants with no prior inspection or vetting for relevance or responsiveness. *See* Ex. F to Decl. of John Dabney (July 28 ltr. to Chambers), at 1.

objections to those Requests.  But when defense counsel sought to meet and confer regarding Plaintiff's objections to production, Plaintiff was unable and unwilling to clarify both what Requests it was refusing production under based on an objection(s) and when responsive documents it was not withholding based on an objection would be produced.

Plaintiff's responses to Defendants' eight Interrogatories all rely on Federal Rule of Civil Procedure 33(d).  That reliance is deficient on its face for each Interrogatory.  Plaintiff merely cites to Rule 33(d) for its answers, but that Rule requires a party to specify where the responsive information exists within produced business records so that Defendants may locate and identify the Interrogatory answers.  Fed. R. Civ. P. 33(d)(1).  Use of the Rule also presumes that the burden of deriving or ascertaining the Interrogatory answers will be substantially the same for either party.  Fed. R. Civ. P. 33(d).  Plaintiff has <u>not even produced</u> relevant, responsive documents, much less specified the documents that contain answers to each Interrogatory.  Plaintiff obviously has not begun to substantiate that the burden of deriving or ascertaining the answers is substantially the same for Plaintiff and Defendants.  In short, Plaintiff has refused to answer the Interrogatories.  That refusal violates Plaintiff's obligations under the rules of discovery.

Defendants have followed this Court's rules and procedures, and participated in a telephonic hearing prior to filing this Motion.  (*See* Dkt. No. 50.)   As required by Fed. R. Civ. P. 37(a)(1), Defendants conferred in good faith in an attempt to obtain complete responses from Plaintiff without Court action.  Those attempts have failed, and the Court approved the filing of this Motion on July 28.

**FACTUAL BACKGROUND**

On May 22, 2015, Defendants served Plaintiff's counsel by hand with both Defendants' First Requests for Production and First Set of Interrogatories. Plaintiff served its written objections and responses on June 22, 2015. (*See* Decl. of John J. Dabney ("Dabney Decl."), Ex. A (July 20 ltr.), at Exs. 1 & 2 thereto.)

<u>Plaintiff's Deficient Responses to Defendants' First Requests for Production of Documents</u>

After serving its objections on June 22, Plaintiff made documents available for inspection at Paul & Paul on June 30, 2015. (Dabney Decl., Ex. A (July 20 ltr.) at 1.) Based on a comprehensive review of that June 30 document production, Plaintiff has not produced a single document that was created in the last **14 years**. (*See* Dabney Decl., Ex. F (July 28 ltr.), at 1.) Of the 30,000 pages of documents that were produced, all date from mid-1996 to mid-2000 and quite clearly, no attempt was made to review it prior to it being made available for inspection. (*See id.* (providing examples of the irrelevant production).) No electronic documents have been produced – neither databases nor emails.

Counsel for Plaintiff made clear both in the parties' meet and confer on July 20, and in the telephonic conference held before this Court on July 28, that Plaintiff was withholding documents based on its objections and was standing on those objections. Plaintiff also would not commit to a date certain by which its non-objectionable unproduced documents would be provided. Moreover, as defense counsel noted for the Court on July 28, Plaintiff has refused to identify under what Requests for Production it is withholding documents and based on what objection(s). Plaintiff's counsel was utterly unprepared to discuss Plaintiff's objections during the July 20 meet and confer. (*See* Dabney Decl., Ex. D (July 23 ltr.), at 2 ¶ 6.) That did not

change during the parties' telephonic hearing on July 28.  For at least the foregoing reasons, the Court rightly directed Defendants to file this Motion to Compel.

As required by this Court's Local Rule 26.1(b), Defendants provide the verbatim Requests for Production, and Plaintiff's objections and responses, at pages 4-51 of Ex. 1 to Mr. Dabney's July 20 letter to the Court.  (*See* Dabney Decl., Ex. A (July 20 ltr.) at Ex. 1 (pp. 4-51).)  Because Plaintiff will not identify under which Requests it is withholding documents, and based on what objection, the entirety of Defendants' 115 Requests for Production are at issue in this Motion.

<u>Plaintiff's Deficient Responses to Defendant's First Set of Interrogatories</u>

Plaintiff's responses to Defendants' Interrogatories 1-8 purport to rely on Federal Rule of Civil Procedure 33(d) (without citing the Rule).  For each Interrogatory, Plaintiff declines to provide a narrative response and instead answers, in part, that "…Parks will produce responsive, non-privilege documents, if any, pursuant to a reasonable search…."  (S*ee, e.g.*, Dabney Decl., Ex. A (July 20 ltr.) at Ex. 2, p. 3 (Resp. to Interrog. No. 1).)  As already noted, however, Plaintiff has withheld production of all, relevant, responsive documents created within the last 14 years.  During the parties' meet and confer on July 20, Plaintiff's counsel said he was unprepared to discuss Plaintiff's Interrogatory responses and could not commit to a date certain to tender amended responses.  (*See* Dabney Decl., Ex. D (July 23 ltr.) at 2 ¶ 5.)  That too did not change during the parties' telephone hearing on July 28.  For at least the foregoing reasons, the Court rightly directed Defendants to file this Motion to Compel.

As required by this Court's Local Rule 26.1(b), Defendants provide the verbatim Interrogatories, and Plaintiff's objections and responses, at pages 3-8 of Ex. 2 to Mr. Dabney's July 20 letter to the Court.  (*See* Dabney Decl., Ex. A (July 20 ltr.) at Ex. 2 (pp. 3-8).)  Because

of Plaintiff's improper reliance on Fed. R. Civ. P. 33(d) to answer each Interrogatory, all eight of Defendants' Interrogatories are at issue in this Motion.

## ARGUMENT

**A.     This Court Should Order Plaintiff Parks to Produce All Non-Privileged, Withheld Documents.**

Under Federal Rule of Civil Procedure 37(a)(3)(B), a party seeking discovery may move for an order compelling the production of withheld documents.  *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).  In this case, Plaintiff has refused to produce any documents created within the last 14 years.  The 30,000 pages of documents Plaintiff did produce were merely a document dump of largely irrelevant, non-responsive files and were not subject to any advance review by Plaintiff.  Because Plaintiff does not even know under what specific Requests it is refusing production based on an objection, Plaintiff's counsel could not discuss those objections.  Nevertheless, Plaintiff is standing on its objections – without apology or explanation.  Quite plainly, Plaintiff is attempting to have the discovery clock run out on Defendants – who face a September 15 end-of-discovery date.

As things currently stand, Defendants have been denied responsive discovery concerning Parks covering the last 14 years.  Here is just a sampling of the categories of documents that Parks has **not** produced, despite the fact that the documents were requested within days of the entry of the Court's Scheduling Order and were required to be produced a month ago:

    a.    No e-mails.
    b.    No documents created within the last 14 years.
    c.    No trademark records.
    d.    No trademark licenses.
    e.    No information about Parks' knowledge of Defendants' use of BALL PARK PARK'S FINEST.
    f.    No invoices from the last 14 years.
    g.    No advertising from the last 14 years.
    h.    No retailer information from the last 14 years.

      i.      No documents concerning the nature of the products that were allegedly sold under the PARKS mark within the last 14 years.

      j.      No documents about the 01/99 Agreement where Parks sold its facility to Dietz & Watson, but allegedly kept the PARKS mark, including the agreement itself.

(*See* Dabney Decl., Ex. F (July 28 ltr.), at 2.)  Defendants cannot reasonably take deposition discovery or conduct follow-up discovery based on Plaintiff's unmitigated flaunting of its obligation to produce documents in this case.  Plaintiff's conduct is blatant, unjustified, and requires immediate Court action.

**B.**    **This Court Should Order Plaintiff Parks to Provide Substantive Interrogatory Reponses to Defendants' Interrogatories 1-8.**

      Fed. R. Civ. P. 37(a)(3)(B) also permits a party seeking discovery to move for an order compelling answers to Interrogatories.  *See* Fed. R. Civ. P. 37(a)(3)(B)(iii).  Plaintiff's answers are plainly deficient.  Rule 33(d)(1) – which Plaintiff purports to invoke by promising production of documents instead of narrative answers – requires that Plaintiff "specify[ ] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Fed. R. Civ. P. 33(d)(1).  Moreover, reliance on Rule 33(d)(1), in lieu of a narrative answer, also presumes that the "burden of deriving or ascertaining the answer will be substantially the same for either party."  Plaintiff fails on both counts.  Plaintiff has neither specified a record – nor could it, since Plaintiff has not collected for production the responsive documents it seeks to rely on – nor shown that the burden of deriving or ascertaining the requested answers is the same for Defendants as it is for Plaintiffs.

      Once more, Defendants are seeking critical information regarding Plaintiff's allegations in this case.  Defendants are left unable to conduct follow-up discovery and depositions.  Accordingly, Defendants seek an appropriate order compelling complete narrative responses or

proper designation of relevant, responsive documents as contemplated under Fed. R. Civ. P. 33(d)(1).

**C.      This Court Should Grant Defendants' Reasonable Expenses in Filing This Motion.**

If Defendants' Motion is granted, or if Plaintiff provides the requested documents and interrogatory responses after today's filing, Defendants request pursuant to Fed. R. Civ. P. 37(a)(5)(A) their reasonable expenses incurred in making this Motion, including attorneys' fees.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request this Court grant Defendants Motion and compel complete and immediate document productions and interrogatory responses.  Defendants further request their reasonable expenses in making this Motion.

Dated:  July 31, 2015

/s/
Mark H. Churchill (admitted *pro hac vice*)
John J. Dabney (admitted *pro hac vice*)
Mary D. Hallerman (admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
Email:  mchurchill@mwe.com; jdabney@mwe.com; mhallerman@mwe.com
Telephone: 202-756-8000
Fax:  202-756-8087

Daniel T. Brier
MYERS, BRIER & KELLY
425 Spruce Street
Scranton, PA 18501-0551
Email: dbrier@mbklaw.com
Telephone:  570-342-6100

*Attorneys for Defendants Tyson Foods, Inc. and Hillshire Brands Company*

## **CERTIFICATE OF SERVICE**

I, Mary D. Hallerman, hereby certify that a true and correct copy of the foregoing was served upon the following counsel of record via the Court's ECF system on this 31st day of July, 2015:

    James C. McConnon
    Alex R. Sluzas
    Paul & Paul
    Three Logan Square
    1717 Arch Street
    Suite 3740
    Philadelphia, PA 19103
    Email: j.mcconnon@paulandpaul.com; ars@paulandpaul.com

    /s/Mary D. Hallerman
    Mary D. Hallerman (admitted *pro hac vice*)
    McDERMOTT WILL & EMERY LLP
    500 North Capitol Street NW
    Washington, DC 20001
    Email: mhallerman@mwe.com
    Telephone: 202-756-8738

DM_US 62839625-2.035969.0205