**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PARKS, LLC. | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Civil Action No. 15-0946-JFL |
| | : |
| TYSON FOODS, INC., and | : |
| HILLSHIRE BRANDS COMPANY, | : |
| | : |
| Defendants. | : |
| | : |

**DECLARATION OF JOHN J. DABNEY IN SUPPORT OF**
**THE EXPEDITED MOTION OF TYSON FOODS, INC. AND HILLSHIRE BRANDS**
**COMPANY TO COMPEL PLAINTIFF TO PROVIDE PROPER RESPONSES TO**
**DEFENDANTS' FIRST RULE 33 AND RULE 34 DISCOVERY REQUESTS**

I, John J. Dabney, declare as follows:

1.      I am admitted *pro hac vice* to practice before this Court and in the District of Columbia.  I am a partner in the Washington, D.C. office of McDermott Will & Emery, LLP, attorneys for Defendants Tyson Foods, Inc. and Hillshire Brands Company ("Defendants").

2.      I have prepared this declaration in support of Defendants' Motion to Compel filed this same date against Plaintiff Parks, LLC ("Plaintiff" or "Parks").  I also have prepared this declaration to authenticate the documents annexed as exhibits.  I am personally familiar with these documents, based on my representation of Defendants in this adversary proceeding.  I have personal knowledge of the facts set forth in this Declaration and, if called upon to testify thereto, I could and would competently do so.

3.      Attached as Exhibit A is a true and correct copy of my letter to the Court, sent via e-mail and dated July 20, 2015, including Exhibits 1-2 thereto.

4.      Attached as Exhibit B is a true and correct copy of my letter to the Court, sent via e-mail and dated July 22, 2015.

5.      Attached as Exhibit C is a true and correct copy of Plaintiff's counsel's letter to the Court, sent via e-mail and dated July 22, 2015.

6.      Attached as Exhibit D is a true and correct copy of my letter to the Court, sent via e-mail and dated July 23, 2015.

7.      Attached as Exhibit E is a true and correct copy of Plaintiff's counsel's letter to the Court, sent via e-mail and dated July 23, 2015.

8.      Attached as Exhibit F is a true and correct copy of my letter to the Court, sent via e-mail and dated July 28, 2015.

9.      Related to the foregoing correspondence, I participated on behalf of Defendants in the telephone hearing with Chambers and Plaintiff's counsel on Tuesday, July 28, 2015.  In that hearing, Plaintiff's counsel, Mr. McConnon, did not dispute that his clients, Plaintiff Parks, LLC, or non-parties Super Bakery, Inc. and Dietz & Watson, Inc., were unable to identify the documents being withheld under a certain discovery request based on a certain objection. Moreover, counsel made clear that the requested documents – first sought two months ago – still had not been collected or reviewed.

10.      Attached as Exhibit G is a true and correct copy of Plaintiff's counsel's letter to me, dated July 30, 2015.

11.      Attached as Exhibit H is a true and correct copy of my letter response to Plaintiff's counsel, dated July 31, 2015.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 31, 2015, at Washington, D.C.

_____
John J. Dabney

## <u>CERTIFICATE OF SERVICE</u>

I, Mary D. Hallerman, hereby certify that a true and correct copy of the foregoing was served upon the following counsel of record via the Court's ECF system on this 31st day of July, 2015:

James C. McConnon
Alex R. Sluzas
Paul & Paul
Three Logan Square
1717 Arch Street
Suite 3740
Philadelphia, PA 19103
Email: j.mcconnon@paulandpaul.com; ars@paulandpaul.com

/s/Mary D. Hallerman
Mary D. Hallerman (admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
Email: mhallerman@mwe.com
Telephone:  202-756-8738

DM_US 62848056-1.035969.0205

# EXHIBIT A



Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

John J. Dabney
Attorney at Law
jdabney@mwe.com
+1 202 756 8343

July 20, 2015

VIA E-MAIL (Chambers_of_Judge_Joseph_F_Leeson_Jr@paed.uscourts.gov)

The Honorable Joseph F. Leeson, Jr.
Edward N. Cahn Courthouse and Federal Building
504 West Hamilton Street, Suite 3401
Allentown, PA  18101

**Re:    Parks, LLC v Tyson Foods, Inc. and Hillshire Brands Company**
**Civil Action No. 5:15-cv-00946-JFL**

Dear Judge Leeson:

We, along with Dan Brier of Myers Brier & Kelly LLP, represent Defendants Tyson Foods, Inc. and Hillshire Brands Company.  Pursuant to Your Honor's procedures, we write to you concerning deficiencies in (1) Plaintiff's responses to Defendants' First Requests for Production of Documents and Plaintiff's responses to Defendants' First Set of Interrogatories, and (2) Plaintiff's alleged trademark licensees, Dietz & Watson, Inc. and Super Baker, Inc.'s, responses to Defendants' subpoenas for documents.

We contacted counsel of record at Paul & Paul, attorneys for Plaintiff, Dietz & Watson, and Super Bakery, by email on July 13, 2015, to discuss the above issues and schedule a meet and confer telephone conference.  Earlier today, we held the telephone conference, but were unable to resolve any issues.  We request a telephonic hearing with Your Honor at your earliest convenience to resolve these discovery disputes.

## 1.  **Plaintiff's Deficient Discovery Responses**

### a.  *Plaintiff's Responses to Defendants' Requests for Production*

On May 22, 2015, Defendants served Plaintiff's counsel by hand with both Defendants' First Requests for Production and First Set of Interrogatories.  Plaintiff served its written objections and responses on June 22, 2015.  (*See* Exs. 1 & 2, respectively, hereto.)  Plaintiff made documents available for inspection at Paul & Paul on June 30, 2015.  All of the documents provided were more than five years old.  In other words, Plaintiff did not produce responsive documents from the last five years.  On June 30, Plaintiff stated that it was still searching for responsive documents and would produce those documents.

U.S. practice conducted through McDermott Will & Emery LLP.

The Honorable Joseph F. Leeson, Jr.
July 20, 2015
Page 2

Plaintiff has produced no additional documents since June 30, 2015.  In today's telephone conference, Plaintiff refused to provide a date certain by when its document production in response to Defendants' Requests would be complete.  Plaintiff also stated that it had withheld non-privileged documents responsive to Defendants' Requests, but could not identify the Request for which Plaintiff was withholding responsive documents, the general categories of documents that were being withheld, or the objection upon which Plaintiff was relying to withhold the documents.

### b. *Plaintiff's Responses to Defendants' Interrogatories*

Plaintiff has not properly responded to Defendants' Interrogatories.  Plaintiff's response to each of Defendants' eight Interrogatories is identical: "Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search."  (*See* Ex. 2, hereto.)  Plaintiff attempts to rely on Rule 33(d) of the Federal Rules of Civil Procedure, which permits a party to produce business records in response to an interrogatory if "the burden for deriving or ascertaining the answer will be substantially the same for either party."  Fed. R. Civ. P. 33(d).  Rule 33(d) also requires that Plaintiff "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Fed. R. Civ. P. 33(d)(1).

Plaintiff's responses do not satisfy Fed. R. Civ. P. 33.  Defendants have no basis for knowing which, if any, of Plaintiff's produced or still-withheld documents respond to which, if any, of Defendants' Interrogatories.  Today, Plaintiff's counsel stated that he was unprepared to discuss Plaintiff's responses, even though the parties agreed last week that this would be a topic of this conference.

### 2. **Deficiencies in Plaintiff's Alleged Licensees' Discovery Responses**

Defendants served each of Plaintiff's alleged trademark licensees, Super Bakery and Dietz & Watson, on June 2, 2015, with a subpoena to produce documents.  On June 15, 2015, Paul & Paul, also representing Plaintiff in this action, served objections on behalf of Super Bakery (Ex. 3, hereto) and Dietz & Watson (Ex. 4, hereto) to these subpoenas.

### a. *Super Bakery's Subpoena Response*

Despite being served seven weeks ago, Super Bakery has produced no documents in response to the subpoena.  Super Bakery allegedly is searching for documents, but refuses to give a date certain by which it will complete its production in response to the subpoena.

The Honorable Joseph F. Leeson, Jr.
July 20, 2015
Page 3

> b. *Dietz & Watson's Subpoena Response*

Although served with the subpoena seven weeks ago, Dietz & Watson has produced only product samples in response and no documents.  During today's conference, Dietz & Watson's counsel stated that Dietz & Watson has "thousands of pages" of spreadsheets with responsive information, as well as other documents, but has not produced them because the Court did not enter the parties' proposed protective order.  Dietz & Watson refused to commit to a date certain by which it will complete its document production in response to the subpoena and stated that it had withheld responsive, non-privileged documents, but could not identify the categories of responsive, non-privileged documents being withheld or the objections upon which documents were being withheld.

***

Defendants respectfully request a telephone conference to resolve these issues.  The discovery schedule in this case is tight, which is why Defendants served discovery, including third-party discovery from Plaintiff's alleged trademark licensees, within days of the Court's entry of the Scheduling Order.  The refusal of Plaintiff and its licensees to produce basic, relevant information is preventing Defendants from preparing their defense.  Defendants cannot properly arrange and conduct depositions of Plaintiff, Super Bakery, Inc., and Dietz & Watson unless those parties agree to a date certain by which to complete their responses to the discovery requests, which were served almost two months ago, and identify the categories of documents that they are withholding based on an objection other than attorney-client privilege, as well as the objection on which they are relying to withhold such documents.  Moreover, Defendants are entitled to proper answers to their Interrogatories.

We are available for a telephone conference at your convenience.

The Honorable Joseph F. Leeson, Jr.
July 20, 2015
Page 4


Respectfully submitted,

John J. Dabney

Enclosures

cc:    James C. McConnon, Esq., Counsel for Plaintiff, Super Bakery, Inc. and Dietz & Watson
       (via email – j.mcconnon@paulandpaul.com)
       Alex Sluzas, Esq., Counsel for Plaintiff, Super Bakery, Inc. and Dietz & Watson (via
       email – ars@paulandpaul.com)
       Mark H. Churchill, Esq., Counsel for Defendants (via email – mchurchill@mwe.com)
       Daniel T. Brier, Esq., Counsel for Defendants (via email – dbrier@mbklaw.com)

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| PARKS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 15-0946-JFL |
| TYSON FOODS, INC., and | : | |
| HILLSHIRE BRANDS COMPANY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**RESPONSE OF PARKS, LLC TO DEFENDANTS
TYSON FOODS, INC. AND HILLSHIRE BRANDS CO.'S
<u>FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Fed. R. Civ. P. 34, Parks, LLC ("Parks"), hereby serves the following

Responses to Defendants' First Requests For Production Of Documents.

**OBJECTION TO THE INSTRUCTIONS**

Parks objects to the Instructions to the extent Tyson is attempting to impose obligations

upon Parks that exceed and modify those imposed by the applicable Rule 34 of the Federal Rules

of Civil Procedure.  Parks does not agree to follow Tyson's instructions to the extent that they

purport to impose such obligations, and will comply with its obligations under the Federal Rules.

**GENERAL OBJECTIONS**

Parks makes the following General Objections to Defendants' First Requests For

Production Of Documents.  These General Objections apply to each of Requests Nos. 1–115

below.  Specific objections are made in addition to these General Objections.

**General Objection No. 1**

Parks objects to Tyson's Definitions and Instructions to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.  Parks does not agree to follow Tyson's instructions to the extent that they purport to impose such obligations, and will comply with its obligations under the Federal Rules.

**General Objection No. 2**

Parks objects to Tyson's requests to the extent they seek information protected by applicable privileges (including, but not limited to, the attorney client privilege, joint defense or common interest privilege and attorney work product privilege) or otherwise protected under applicable law.  In the event such privileged information is produced in response to Tyson's requests, such production is inadvertent and shall not constitute a waiver of any privilege, doctrine, or other applicable ground for protecting such information from disclosure.

**General Objection No. 3**

Parks objects to Tyson's requests to the extent they seek trial preparation or expert information protected from disclosure as established by the rules applicable in this case.  In the event such information is provided, it is inadvertent and shall not constitute a waiver of any privilege, doctrine, or other applicable ground for protecting such information from disclosure.

**General Objection No. 4**

Parks objects to Tyson's requests on the basis that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

**General Objection No. 5**

Parks objects to Tyson's requests on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in

controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

**General Objection No. 6**

Parks objects to Tyson's definitions of "Document," "Person" and "Thing" because they differ from the ordinary meanings of the defined terms, and to its remaining definitions to the extent that they differ from the ordinary meanings of the defined terms.

**General Objection No. 7**

Parks objects to all of the requests, to the extent that they purport to impose requirements beyond those mandated by the Federal Rules of Civil Procedure or other applicable law, to the extent that they seek material that is not within Parks' custody or control, to the extent that they are not limited with respect to time or subject matter or otherwise seek information not reasonably calculated to lead to the discovery of admissible, relevant evidence, to the extent that they are burdensome, oppressive, or expensive to produce, taking into consideration the needs of the Registrant, the limited resources of Parks and the importance of specific issues for which discovery is sought, to the extent that they are unreasonably cumulative or duplicative, or seek information available from a more convenient, less expensive source, and to the extent they are vague and overly broad.

**General Objection No. 8**

Parks additionally objects to Tyson's requests to the extent that Tyson's requests request information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**General Objection No. 9**

Parks objects to the form of Tyson's requests in that many of the requests call for more than one type of document and fail to identify the separate Requests in subparts.  The Production

Requests thus do not comply with Rule 26 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), making it more difficult for Parks' production responses to comply with Fed. R. Civ. P. Rule 26.

**General Objection No. 10**

Parks objects to Tyson's requests to the extent that they seek trade secrets, non-public, confidential, research, development, or commercial information.  Parks will only produce such information subject to the terms of a protective order.

Parks' responses are based upon a reasonable search, given the time allowed to Parks to respond to the Requests, the facilities and files that could reasonably be expected to contain responsive information.  Parks' investigation is continuing.  Parks expressly reserves the right to use, rely upon, and to offer into evidence any and all documents and other information responsive to the Requests, whether or not identified or produced.


Request No. 1:  All documents concerning the formation of Parks, LLC, including all documents filed with or sent to the government of the State of Maryland to form and maintain your limited liability company status and all documents you received from the government of the State of Maryland concerning your limited liability company status.

Objection:  Parks objects to Request No. 1 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents" and requesting documents relating to the formation and maintenance of Parks, LLC since 1996, a period of about 19 years.  Parks objects to Request No. 1 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged document, if any, pursuant to a reasonable search.

Request No. 2:  Documents sufficient to identify every person who was or is an officer or director of Parks, LLC.

Objection:  Parks objects to Request No. 2 to the extent that the request is overly broad and burdensome in particular in requesting documents relating to the identification of persons since 1996, a period of about 19 years.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 3:  Your corporate organization chart for each year from 1996 to date.

Objection:  Parks objects to Request No. 3 as overly broad and unduly burdensome to the extent that it seeks a corporate organization chart for each year from 1996 to the present; that is up to 19 separate corporate organization charts.  Parks also objects to Request No. 3 as not reasonably calculated to lead to the discovery of admissible evidence.  Parks further objects to Request No. 3 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 4:  All documents concerning your knowledge that the Parks Marks and assets were possibly for sale by H.G. Parks.

Objection:  Parks objects to Request No. 4 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."  Parks further objects to Request No. 4 as overly broad and burdensome and in particular, in calling for all documents "concerning your knowledge that that the Parks Marks and assets were possibly for sale by H.G. Parks" which are directed to events at

least more than 19 years ago and spanning an undefined period prior to 19 years ago.  Parks also objects to Request No. 4 as not reasonably calculated to lead to the discovery of admissible evidence.

Response:  Subject to and without waiving the foregoing objections and general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 5:  All documents concerning the bankruptcy proceeding In re: H.G. Parks, Inc., Case No. 96-55830, filed in the U.S. Bankruptcy Court for the District of Maryland (Baltimore), including all communications with representatives of H.G. Parks, all documents concerning any agreement you entered into with H.G. Parks, all documents concerning the Unsworn Declaration filed by Franco Harris on or about July 24, 1996, and all documents filed in that proceeding by you or on your behalf.

Objection:  Parks objects to Request No. 5 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."  Parks further objects to Request No. 5 as overly broad and burdensome and in particular, in calling for all documents "concerning your knowledge that that the Parks Marks and assets were possibly for sale by H.G. Parks" which are directed to events at least more than 19 years ago and spanning an undefined period prior to 19 years ago.  Parks also objects to Request No. 5 as not reasonably calculated to lead to the discovery of admissible evidence.

Response:  Subject to and without waiving the foregoing objections and general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 6:  All documents concerning any financial analysis or evaluation of your purchase of the assets of H.G. Parks.

Objection:  Parks objects to Request No. 6 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents concerning any financial analysis or evaluation of your purchase of the assets of H.G. Parks."  Parks further objects to Request No. 6 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 7:  All documents concerning discussions, negotiations, or communications that led to your purchase of the assets of H.G. Parks, including the Parks Marks.

Objection:  Parks objects to Request No. 7 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."  Parks further objects to Request No. 7 as overly broad and burdensome and in particular, in calling for all documents "concerning your knowledge that that the Parks Marks and assets were possibly for sale by H.G. Parks" which are directed to events at least more than 19 years ago and spanning an undefined period prior to 19 years ago.  Parks also objects to Request No. 4 as not reasonably calculated to lead to the discovery of admissible evidence.

Response:  Subject to and without waiving the foregoing objections and general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 8:  All agreements between you and H.G. Parks, including all drafts thereof.

Objection:  Parks objects to Request No. 8 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents concerning any financial analysis or evaluation of your purchase

of the assets of H.G. Parks." Parks further objects to Request No. 8 as it seeks confidential/trade secret information.

<u>Response</u>: Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 9: All documents concerning any due diligence performed by you or on your behalf concerning any agreement between you and H.G. Parks, including all documents that were reviewed or created that refer to the Parks Marks.

<u>Objection</u>: Parks objects to Request No. 9 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents concerning any financial analysis or evaluation of your purchase of the assets of H.G. Parks." Parks further objects to Request No. 9 as it seeks confidential/trade secret information.

<u>Response</u>: Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 10: All documents that you sent to or received from any person concerning Trademark Registration No. 749488 and the mark shown in that registration, MORE PARKS' SAUSAGES MOM! & Design.

<u>Objection</u>: Parks objects to Request No. 10 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents." Parks further objects to Request No. 10 as overly broad and burdensome, in particular in calling for all documents concerning Trademark Registration No. 749488 since at least as early as 1996, a period of about 19 years.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 11:  All documents that you sent to or received from any person concerning Trademark Registration No. 897005 and the mark shown in that registration, PARKS.

Objection:  Parks objects to Request No. 11 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."  Parks further objects to Request No. 11 as overly broad and burdensome, in particular in calling for all documents concerning Trademark Registration No. 897005 since at least as early as 1996, a period of about 19 years.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 12:  All documents that you sent to or received from any person concerning Trademark Registration No. 1063449 and the mark shown in that registration, PARKS FAMOUS FLAVOR (& Design).

Objection:  Parks objects to Request No. 12 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."  Parks further objects to Request No. 12 as overly broad and burdensome, in particular in calling for all documents concerning Trademark Registration No. 1063449 since at least as early as 1996, a period of about 19 years.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 13:  All documents that you sent to or received from any person concerning Trademark Registration No. 1296598 and the mark shown in that registration, MORE PARKS' SAUSAGES, MOM, PLEASE!

Objection:  Parks objects to Request No. 13 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."  Parks further objects to Request No. 13 as overly broad and burdensome, in particular in calling for all documents concerning Trademark Registration No. 1296598 since at least as early as 1996, a period of about 19 years.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 14:  All documents that you sent to or received from any person concerning your trademark application, Serial No. 86600528, and the mark shown in that registration, PARKS.

Objection:  Parks objects to Request No. 14 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 15:  The prosecution file history for Trademark Registration No. 749488.

Objection:  Parks objects to Request No. 15 as vague in that it does not define the term "prosecution file history."  If the term "prosecution file history" means the official record prepared by the United States Patent and Trademark Office of the prosecution of the referenced registration, such a document must be obtained from the United States Patent and Trademark Office.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 16:  The prosecution file history for Trademark Registration No. 897005.

Objection:  Parks objects to Request No. 16 as vague in that it does not define the term "prosecution file history."  If the term "prosecution file history" means the official record prepared by the United States Patent and Trademark Office of the prosecution of the referenced registration, such a document must be obtained from the United States Patent and Trademark Office.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 17:  The prosecution file history for Trademark Registration No. 1063449.

Objection:  Parks objects to Request No. 17 as vague in that it does not define the term "prosecution file history."  If the term "prosecution file history" means the official record prepared by the United States Patent and Trademark Office of the prosecution of the referenced registration, such a document must be obtained from the United States Patent and Trademark Office.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 18:  The prosecution file history for Trademark Registration No. 1296598.

Objection:  Parks objects to Request No. 18 as vague in that it does not define the term "prosecution file history."  If the term "prosecution file history" means the official record

prepared by the United States Patent and Trademark Office of the prosecution of the referenced

registration, such a document must be obtained from the United States Patent and Trademark

Office.

Response:  Subject to and without waiving the foregoing objections and the general objections,

Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable

search.

Request No. 19:  The prosecution file history for Trademark Serial No. 86600528.

Objection:  Parks, LLC objects to Request No. 19 as unduly burdensome to the extent that it

seeks documents that are equally accessible to Defendants.

Response:  Subject to and without waiving the foregoing objections and the general objections,

Parks, LLC will produce responsive, non-privileged documents, pursuant to a reasonable search.

Request No. 20:  All documents concerning any searches for any mark that included the

word "Parks."

Objection:  Parks, LLC objects to Request No. 20 as overly broad and unduly burdensome to the

extent that it seeks "[a]ll documents" relating to "any searches for any mark that included the

word 'Parks.'"  Parks, LLC further objects to Request No. 20 in calling for documents protected

by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections,

Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable

search.

Request No. 21:  All documents concerning any person who is or was using the mark

"PARKS," alone or in combination with any other word(s), design(s) or designation(s).

Objection:  Parks, LLC objects to Request No. 21 as overly broad and unduly burdensome to the

extent that it seeks all documents concerning "any person who is using the mark 'PARKS,' alone

or in combination with any other word(s), design(s) or designation(s)."  The term "any person" is used without restriction as to time.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 22:  All documents that you sent to or received from H.G. Parks or any representative of H.G. Parks concerning the Parks Marks.

<u>Objection</u>:  Parks, LLC objects to Request No. 22 as overly broad and unduly burdensome to the extent that it seeks "all documents" and that the Request seeks documentation since at least 1995, a period of about 20 years.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 23:  All documents concerning any agreement relating to the Parks Marks, including license agreements, co-existence agreements, consent agreements, assignment agreements, and settlement agreements relating to the Parks Marks and all communications relating to those agreements.

<u>Objection</u>:  Parks, LLC objects to Request No. 23 as overly broad and unduly burdensome to the extent that it seeks "all documents" and that the Request seeks documentation since at least 1996, a period of about 20 years.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 24:  Documents sufficient to identify each of your Parks Products and its Stock Keeping Unit (SKU) and item number that were sold at any time from January 1, 1996 to the present.

Objection:  Parks, LLC objects to Request No. 24 as overly broad and unduly burdensome to the extent that it seeks documentation since January 1, 1996, a period of almost 20 years.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 25:  For each Parks Product that has been sold at any time from January 1996 to date, documents sufficient to show the annual revenues from the sale of such product and the units sold from January 1996 until  present.

Objection:  Parks, LLC objects to Request No. 25 as overly broad and unduly burdensome to the extent that it seeks since January 1996, a time period of almost 20 years, and that it seeks over this time period the annual revenues for each of such products and the units sold.  Parks, LLC further objects to Request No. 25 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 26:  Documents sufficient to show the monthly revenues from sales of Parks Products and the units sold on a state-by-state basis for each year from January 1, 1996 until present.

Objection:  Parks, LLC objects to Request No. 26 as overly broad and unduly burdensome to the extent that it seeks since January 1996, a time period of almost 20 years, and that it seeks over this time period the annual revenues for each of such products and the units sold.  Parks, LLC further objects to Request No. 26 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 27:  For each month from January 1, 1996 to date, documents sufficient to identify each seller of Parks Products (including retail outlets).

Objection:  Parks, LLC objects to Request No. 27 as overly broad and unduly burdensome to the extent that it seeks since January 1996, a time period of almost 20 years, and that it seeks over this time period the annual revenues for each of such products and the units sold.  Parks, LLC further objects to Request No. 27 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 28:  For each month from January 1, 1996 to date, documents  sufficient to identify each purchaser of Parks Products (including persons that purchased Parks Products from you or your licensee), the dollar amount and quantity of Parks Products purchased, and the type of Parks Products  purchased.

Objection:  Parks, LLC objects to Request No. 28 as overly broad and unduly burdensome to the extent that it seeks since January 1996, a time period of almost 20 years, and that it seeks over

this time period the annual revenues for each of such products and the units sold.  Parks, LLC

further objects to Request No. 28 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections,

Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable

search, after and only if an appropriate protective order has been entered by the Court with the

consent of the parties.

Request No. 29:  All profit-loss statements relating to Parks Products for the period

January 1, 1996 until present.

Objection:  Parks, LLC objects to Request No. 29 as overly broad and unduly burdensome to the

extent that it seeks since January 1996, a time period of almost 20 years, and that it seeks over

this time period the annual revenues for each of such products and the units sold.  Parks, LLC

further objects to Request No. 29 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections,

Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable

search, after and only if an appropriate protective order has been entered by the Court with the

consent of the parties.

Request No. 30:  All documents concerning a budget or plan relating to advertising,

promotion, distribution, or sale of Parks Products for the period January 1, 1996 until present.

Objection:  Parks, LLC objects to Request No. 30 as overly broad and unduly burdensome to the

extent that it seeks since January 1996, a time period of almost 20 years, and that it seeks over

this time period the annual revenues for each of such products and the units sold.  Parks, LLC

further objects to Request No. 30 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections,

Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable

- 16 -

search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 31:  All documents concerning any marketing strategy, campaign, program, plan or promotion for Parks Products for the period January 1, 1996 until present.

Objection:  Parks, LLC objects to Request No. 31 as overly broad and unduly burdensome to the extent that it seeks since January 1996, a time period of almost 20 years, and that it seeks over this time period the annual revenues for each of such products and the units sold.  Parks, LLC further objects to Request No. 31 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 32:  All documents concerning distribution of Parks Products, including any agreements with food brokers and distributors, including Sysco, and all communications concerning such agreements.

Objection:  Parks, LLC objects to Request No. 32 as overly broad and unduly burdensome to the extent that it seeks since January 1996, a time period of almost 20 years, and that it seeks over this time period the annual revenues for each of such products and the units sold.  Parks, LLC further objects to Request No. 32 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 33:  All documents concerning any license agreement with Dietz & Watson, including the agreement itself, all communications concerning that agreement, any royalties you received under that license, the monitoring and control of the products manufactured and sold by Dietz & Watson bearing the Parks Marks, and all documents that you sent to or received from Dietz & Watson concerning the license agreement and the transaction memorialized therein.

Objection:  Parks, LLC objects to Request No. 33 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents" and that it calls information relating to several topics including the agreement itself, all communications concerning the agreement, any royalties received under that license agreement, the monitoring and control of the products manufactured and sold by Dietz & Watson bearing the Parks Marks, and all documents that you sent to or received from Dietz & Watson concerning the license agreement and the transaction memorialized therein, for a time period over nearly 15 years.  Parks, LLC further objects to Request No. 33 as it seeks confidential/trade secret information.  Parks, LLC further objects to Request No. 33 in calling for documents protected by attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 34:  All documents concerning your statement that Dietz & Watson "took over" the Park Sausage Company, including all documents concerning the corporate relationship between Dietz & Watson and Parks Sausage Company.  (Pl. Mem. in Supp. of Mot. for Preliminary Injunction at 3.)

Objection:  Parks, LLC objects to Request No. 34 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents" and that it calls information relating to several topics including the agreement itself, all communications concerning the agreement, any royalties received under that license agreement, the monitoring and control of the products manufactured and sold by Dietz & Watson bearing the Parks Marks, and all documents that you sent to or received from Dietz & Watson concerning the license agreement and the transaction memorialized therein, for a time period over nearly 15 years.  Parks, LLC further objects to Request No. 34 as it seeks confidential/trade secret information.  Parks, LLC further objects to Request No. 34 in calling for documents protected by attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 35:  All documents concerning the August 30, 1996 assignment of Registration Nos. 749488, 897005, 1063449, and 1296598 from H.G. Parks, d/b/a Parks  Sausage Company to Parks, LLC, including all communications  relating to that assignment.

Objection:  Parks, LLC objects to Request No. 35 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents" and that it calls for information generated since 1996, a time period of almost 20 years.  Parks, LLC further objects to Request No. 35 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable

search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 36:  All financial statements, sales forecasts or projections, profit-loss statements, balance sheets, income statements, schedules of goods sold, and accounts receivable for Parks Products from January 1, 1996 until present.

Objection:  Parks, LLC objects to Request No. 36 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents" including financial statements, sales forecasts or projections, profit-loss statements, balance sheets, income statements, schedules of goods sold, and accounts receivable for Parks Products generated since1996, a time period of almost 20 years.  Parks, LLC further objects to Request No. 36 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 37:  All annual reports, consolidated financial statements, sales forecast or projections, profit-loss statements, balance sheets, income statements, schedules of goods sold, and accounts receivable for Parks, LLC, from January 1, 1996 until present.

Objection:  Parks, LLC objects to Request No. 37 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents" including financial statements, sales forecasts or projections, profit-loss statements, balance sheets, income statements, schedules of goods sold, and accounts receivable for Parks Products generated since1996, a time period of almost 20

years.  Parks, LLC further objects to Request No. 37 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 38:  All documents concerning any valuation of the Parks Marks.

Objection:  Parks, LLC objects to Request No. 38 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents" including financial statements, sales forecasts or projections, profit-loss statements, balance sheets, income statements, schedules of goods sold, and accounts receivable for Parks Products generated since1996, a time period of almost 20 years.  Parks, LLC further objects to Request No. 38 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 39:  All documents concerning the possible sale, assignment, license, sublicense or transfer of the Parks Marks.

Objection:  Parks, LLC objects to Request No. 39 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents" including financial statements, sales forecasts or projections, profit-loss statements, balance sheets, income statements, schedules of goods sold, and accounts receivable for Parks Products generated since1996, a time period of almost 20

years.  Parks, LLC further objects to Request No. 39 as it seeks confidential/trade secret information.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No.  40:  All documents concerning any valuation of Parks LLC.

<u>Objection</u>:  Parks, LLC objects to Request No. 40 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents" including financial statements, sales forecasts or projections, profit-loss statements, balance sheets, income statements, schedules of goods sold, and accounts receivable for Parks Products generated since1996, a time period of almost 20 years.  Parks, LLC further objects to Request No. 40 as it seeks confidential/trade secret information.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 41:  All documents sent to or received from any federal or state agency or federal or state regulator concerning Parks Products, including the U.S. Department of Agriculture and the Food and Drug Administration, from January 1, 1996 to date.

<u>Objection</u>:  Parks, LLC objects to Request No. 41 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents" and that it calls for information generated since1996, a time

period of almost 20 years.  Parks, LLC further objects to Request No. 41 as it seeks

confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections,

Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable

search, after and only if an appropriate protective order has been entered by the Court with the

consent of the parties.

Request No. 42:  All documents concerning any license agreement with Super Bakery,

Inc., including the agreement, all communications concerning the agreement, any royalties

received under the agreement, the monitoring and control of the products manufactured and sold

by Super Bakery, Inc. bearing the Parks Marks, and all documents that you sent to or received

from Super Bakery, Inc. relating to the agreement or the license memorialized therein.

Objection:  Parks, LLC objects to Request No. 42 as overly broad and unduly burdensome

to the extent that it seeks "[a]ll documents" concerning any license agreement with Super

Bakery, all communications concerning the agreement, any royalties received under the

agreement, the monitoring and control of the products manufactured and sold by Super Bakery,

bearing the Parks Marks, and all documents that you sent to or received from Super Bakery

relating to the agreement or the license therein.  The multiple requests for all documents and all

communications call for information generated over a period of almost 20 years.  Parks, LLC

further objects to Request No. 42 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections,

Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable

search, after and only if an appropriate protective order has been entered by the Court with the

consent of the parties.

Request No. 43:  All purchase orders and invoices for Parks Products from January 1, 1996 until the present.

Objection:  Parks, LLC objects to Request No. 43 as overly broad and unduly burdensome to the extent that it seeks "[a]ll purchase orders and invoices" and that it calls for information generated from January 1, 1996, a time period of almost 20 years.  Parks, LLC further objects to Request No. 43 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 44:  All documents concerning whether or not to renew trademark registration no. 749488 for MORE PARKS' SAUSAGES MOM! or the reasons why that registration was not renewed.

Objection:  Parks, LLC objects to Request No. 44 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No.  45:  All documents concerning whether or not to renew trademark registration no. 897005 for PARKS or the reasons why that registration was not renewed.

Objection:  Parks, LLC objects to Request No. 45 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 46:  All documents concerning whether or not to renew trademark registration no. 1063449 for PARKS FAMOUS FLAVOR or the reasons why that registration was not renewed.

<u>Objection</u>:  Parks, LLC objects to Request No. 46 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 47:  All documents concerning whether or not to renew trademark registration no. 1296598 for MORE PARKS' SAUSAGES, MOM, PLEASE! or the reasons why that registration was not renewed.

<u>Objection</u>:  Parks, LLC objects to Request No. 47 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 48: A color copy, if available and if not, a black and white copy, of all advertisements, brochures, catalogs, promotional materials, flyers, order forms, printed materials and point-of-sale promotions for Parks Products for the period January 1, 1996 until present.

<u>Objection</u>:  Parks, LLC objects to Request No. 48 as overly broad and unduly burdensome to the extent that it seeks documents for a period of almost 20 years.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No.  49:  A copy of each radio and television advertisement for Parks Products for the period January 1, 1996 until present.

<u>Objection</u>:  Parks, LLC objects to Request No. 49 as overly broad and unduly burdensome to the extent that it seeks documents for a period of almost 20 years.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 50:  Documents sufficient to show the amount of money spent advertising Parks Products on a state-by-state basis for the period January 1, 1996 to date.

<u>Objection</u>:  Parks, LLC objects to Request No. 50 as overly broad and unduly burdensome to the extent that it seeks documents showing the amount of money spent advertising Parks Products on a state-by-state basis since 1996, a time period of almost 20 years.  Parks, LLC further objects to Request No. 50 as it seeks confidential/trade secret information.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 51:  Documents sufficient to identify all domain names owned or controlled by you that contain the word "Parks."

Objection:  Parks, LLC objects to Request No. 51 as overly broad and unduly burdensome to the extent that it seeks "[a]ll domain names."

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 52:  Documents sufficient to identify all websites where Parks Products are or were advertised or sold.

Objection:  Parks, LLC objects to Request No. 52 as overly broad and unduly burdensome to the extent that it seeks "[a]ll websites where Parks Products are or were advertised or sold" over a period of almost 20 years.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 53:  Documents sufficient to show any Facebook account, Twitter handle, or other social media account used to advertise or promote or provide information concerning Parks Products.

Objection:  Parks, LLC objects to Request No. 53 as overly broad and unduly burdensome to the extent that it seeks any Facebook account, Twitter handle, or social media account used to advertise or promote or provide information concerning Parks Products.  Parks, LLC also objects

- 27 -

to Request No. 53 as overly broad and unduly burdensome to the extent that it calls for information generated apart from Parks and is not specific to any time period.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 54:  Documents sufficient to identify the newspapers, magazines, television channels, television stations, radio stations, or websites where Parks Products were advertised at any time for the period January 1, 1996 to the present.

Objection:  Parks, LLC objects to Request No. 54 as overly broad and unduly burdensome to the extent that it calls for information generated since 1996, a period of almost 20 years.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 55:  All documents concerning news or media coverage or publicity regarding Parks Products for the period January 1, 1996 until present.

Objection:  Parks, LLC objects to Request No. 55 as overly broad and unduly burdensome to the extent that it calls for information generated since 1996, a period of almost 20 years.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 56:  Al documents concerning press releases concerning Parks Products for the period January 1, 1996 until present.

<u>Objection</u>:  Parks, LLC objects to Request No. 56 as overly broad and unduly burdensome to the extent that it calls for information generated since 1996, a period of almost 20 years.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 57:  All documents concerning actual or potential cessation of the manufacturing, distribution or sale of Parks Products for the period January 1, 1996 until present.

<u>Objection</u>:  Parks, LLC objects to Request No. 57 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."

<u>Response</u>:  Parks, LLC has no documents responsive to Request No. 57.

Request No. 58:  All documents concerning actual or potential resumption of the manufacturing, distribution or sale of Parks Products for the period January 1, 1996 until present.

<u>Objection</u>:  Parks, LLC objects to Request No. 58 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."

<u>Response</u>:  Parks, LLC has no documents responsive to Request No. 58.

Request No.  59:  All production or manufacturing schedules for Parks Products for the period January 1, 2005 until present.

<u>Objection</u>:  Parks, LLC objects to Request No. 59 as overly broad and unduly burdensome to the extent that it seeks all documents and information concerning manufacturing schedules for every Parks product for a period of over 10 years.  Parks, LLC further objects to Request No. 59 as it seeks confidential/trade secret information.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable

search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 60:  All documents concerning research or development for Parks Products for the period January 1, 1996 until present.

Objection:  Parks, LLC objects to Request No. 60 as overly broad and unduly burdensome to the extent that it seeks all documents concerning research and development for Parks products over a time period of almost 20 years.  Parks, LLC further objects to Request No. 60 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No.  61:  All documents concerning the forfeiture of your limited liability company status in 2000, 2005, and any other year with  the State of Maryland.

Objection:  Parks, LLC objects to Request No. 61 as overly broad and unduly burdensome to the extent that it seeks documents and information over a time period of 15 years.  Parks, LLC further objects to Request No. 61 as it seeks confidential information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 62:  For each product sold bearing Parks Marks, a sample of each type of packaging used for the period January 1, 1996 until present.

Objection:  Parks, LLC objects to Request No. 62 as unduly burdensome to the extent that it seeks all packaging over a time period of almost 20 years

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No.  63:  All brand books or style guides for Parks Marks.

Objection:  Parks, LLC objects to Request No. 63 as overly broad and unduly burdensome to the extent that it seeks brand books or style guides for Parks Marks for an unspecified period of time. Parks, LLC further objects to Request No. 63 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 64:  All documents concerning any proposed or actual change to  any packaging for Parks Products for the period January 1, 1996 until present.

Objection:  Parks, LLC objects to Request No. 64 as overly broad and unduly burdensome to the extent that it seeks all documents and information over a time period of almost 20 years.  Parks, LLC further objects to Request No. 64 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 65:  All documents concerning the design of any packaging used for Parks Products for the period January 1, 1996 to date, including documents sufficient to identify each person who was involved in the design.

Objection:  Parks, LLC objects to Request No. 65 as overly broad and unduly burdensome to the extent that it seeks all documents and information over a time period of almost 20 years.  Parks, LLC further objects to Request No. 65 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 66:  Documents sufficient to identify the "institutional distribution channels" through which products bearing "Parks" are marketed or sold, including the identities of each customer. (Pl. Mem. in Supp. of Mot. for Preliminary Injunction at 3.)

Objection:  Parks, LLC objects to Request No. 66 as overly broad and unduly burdensome to the extent that it seeks all documents and information over a time period of almost 20 years.  Parks, LLC further objects to Request No. 66 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No.  67:  All documents and things concerning Defendants' BALLPARK PARK'S FINEST products.

- 32 -

Objection:  Parks, LLC objects to Request No. 67 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 68:  All documents concerning any person who was confused, mistaken, or deceived about Defendants' BALL PARK PARK'S FINEST products, including communications indicating that that person believed  that you manufactured, distributed, licensed, or approved Defendants' BALL PARK PARK'S FINEST products.

Objection:  Parks, LLC objects to Request No. 68 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 69:  All documents concerning any person who was confused, mistaken or deceived about Parks Products, including communications evidencing that a person believed that Defendants manufactured, distributed, licensed, or approved Parks Products.

Objection:  Parks, LLC objects to Request No. 69 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 70:  All documents concerning any instance where a person was confused, mistaken, or deceived about the affiliation, connection or business relationship between Defendants or Defendants' BALL PARK PARK'S FINEST products on the one hand, and you or your Parks Products on the other hand, including any communications evidencing that a person believed that Defendants were selling Plaintiff s products or that Plaintiff licensed or approved of Defendants' use of PARK'S FINEST.

Objection:  Parks, LLC objects to Request No. 69 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 71:  All documents concerning any market, product or consumer research about Parks Marks or Parks Products, including any consumer survey, public opinion poll, study, report, audit, consumer or focus group.

Objection:  Parks, LLC objects to Request No. 71 as overly broad and unduly burdensome to the extent that it seeks all documents and information over an unspecified time period.  Parks, LLC further objects to Request No. 71 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 72:  All documents concerning consumer satisfaction or dissatisfaction with Parks Products for the period January 1, 2005 until present.

<u>Objection</u>:  Parks, LLC objects to Request No. 72 as overly broad and unduly burdensome to the extent that it seeks all documents and information and further objects to Request No. 72 as it seeks confidential/trade secret information.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 73:  All documents concerning any awards or accolades won by Parks Products for the period January 1, 1996 until present.

<u>Objection</u>:  Parks, LLC objects to Request No. 73 as overly broad and unduly burdensome to the extent that it seeks all documents and information over a time period of almost 20 years.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 74:  All documents concerning control of any licensee's use of Parks Marks or manufacturing of products to be sold under Parks Marks.

<u>Objection</u>:  Parks, LLC objects to Request No. 74 as overly broad and unduly burdensome to the extent that it seeks all documents and information over a time period of almost 20 years.  Parks, LL C further objects to Request No. 74 as it seeks confidential/trade secret information.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 75:  All documents that you sent to or received from Super Bakery, Inc. concerning your Parks Marks or Parks Products.

Objection:  Parks, LLC objects to Request No. 75 as overly broad and unduly burdensome to the extent that it seeks all documents and information over an unspecified time period.  Parks, LLC further objects to Request No. 75 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 76:  All documents that you sent to or received from F Group concerning your Parks Marks or Parks Products.

Objection:  Parks, LLC objects to Request No. 76 as indefinite for failure to define "F Group." Parks, LLC further objects to Request No. 76 as overly broad and unduly burdensome to the extent that it seeks all documents and information over an unspecified time period

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, upon a determination of the term "F Group" which is not defined in the Defendants' First Request For Production Of Documents.

Request No. 77:  All documents that you sent to or received from Dietz & Watson concerning your Parks Marks or Parks Products.

Objection:  Parks, LLC objects to Request No. 77 as overly broad and unduly burdensome to the extent that it seeks all documents and information over an unspecified time period.  Parks, LLC further objects to Request No. 77 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 78:  All documents concerning a demand made by you that any person stop using a mark that you contended was similar to your Parks Marks, including all cease and desist letters, all responses to cease and desist letters, and any resulting agreement.

Objection:  Parks, LLC objects to Request No. 78 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 78 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 79:  All documents concerning  a demand made to you to stop using a mark that another person contended was confusingly similar to their mark, including all cease and desist letters that you received relating to the Parks Marks, all of your responses to such cease and desist letters, and any resulting agreement.

Objection:  Parks, LLC objects to Request No. 79 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."  Parks, LLC further objects to Request No. 79 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 80:  All documents concerning any legal or administrative action involving the Parks Marks, including any action filed in a state or federal court or in the Trademark Trial and Appeal Board that refers or relates to the Parks Marks.

Objection:  Parks, LLC objects to Request No. 80 as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents."  Parks, LLC further objects to Request No. 80 in calling for documents protected by the attorney/client privilege and attorney work product privilege. Parks, LLC additionally objects to Request No. 80 in that it calls for the documents in the current proceeding and in an Opposition proceeding before the Trademark Trial and Appeal Board that Defendants currently possess.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will agree to produce responsive, non-privileged documents, if any, pursuant to a reasonable search that do not duplicate documents already in the possession of Defendants.

Request No. 81:  All documents concerning the identities of the actual or potential customers for Parks Products.

Objection:  Parks, LLC objects to Request No. 81 as overly broad and unduly burdensome to the extent that it seeks all documents and information over an undefined time period.  Parks, LLC further objects to Request No. 81 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 82:  All documents concerning the identities of the actual and potential end users of Parks Products.

Objection:  Parks, LLC objects to Request No. 82 as overly broad and unduly burdensome to the extent that it seeks all documents and information over an undefined time period.  Parks, LLC further objects to Request No. 82 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No.  83:  Documents sufficient to identify competitors of Parks Products.

Objection:  Parks, LLC objects to Request No. 83 as overly broad and unduly burdensome to the extent that it seeks sufficient documents.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 84:  All documents concerning Defendants' BALL PARK mark or products.

Objection:  Parks, LLC objects to Request No. 84 as overly broad and unduly burdensome to the extent that it seeks all documents.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 85:  All documents that you sent to or received from any person concerning Defendants' BALL PARK PARK'S FINEST products, marks or advertising or promotion.

Objection:  Parks, LLC objects to Request No. 85 as overly broad and unduly burdensome to the extent that it seeks all documents.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 86:  All documents that you sent to or received from any person concerning Defendants' BALL PARK products or mark.

Objection:  Parks, LLC objects to Request No. 86 as overly broad and unduly burdensome to the extent that it seeks all documents.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 87:  All documents concerning the application for PARK'S FINEST (Serial No. 86059332).

Objection:  Parks, LLC objects to Request No. 87 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 87 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 88:  All documents concerning the application for BALL PARK PARK'S FINEST (Serial No. 86412686).

Objection:  Parks, LLC objects to Request No. 88 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 88 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 89:  All documents concerning the application for BALL PARK PARK'S FINEST (& Design) (Serial No. 86412679).

<u>Objection</u>:  Parks, LLC objects to Request No. 89 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 89 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 90:  Documents sufficient to show the wholesale and retail price for each of Parks Products for the period January 1, 2005 to date.

<u>Objection</u>:  Parks, LLC objects to Request No. 90 as overly broad, indefinite and burdensome as it appears to call for documents for an unspecified period of time in that "sufficient to show" is vague.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 91:  Documents sufficient to show the last known address and telephone number for your former employees that left your employment since January 1, 2005, as well as their job description.

<u>Objection</u>:  Parks, LLC objects to Request No. 91 as overly broad, indefinite and burdensome using a criteria "sufficient to show" that is vague.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 92:  All documents that you sent to or received from any person that refers or relates to this action.

<u>Objection</u>:  Parks, LLC objects to Request No. 92 as overly broad, indefinite and burdensome in that it does not define the term "person."  Parks, LLC further objects to Request No. 92 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 93:  All documents you referred to or relied upon in preparing your Complaint.

<u>Objection</u>:  Parks, LLC objects to Request No. 93 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 93 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 94:  All documents you referred to or relied upon in preparing your Amended Complaint.

- 42 -

Objection:  Parks, LLC objects to Request No. 94 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 94 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 95:  All documents concerning the allegation in paragraph 2 of the Amended Complaint that "Parks sells and has sold for many years processed meats and other products including sausages in the United States under the name Parks . . . ."

Objection:  Parks, LLC objects to Request No. 95 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 95 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 96:  All documents concerning the allegation in paragraph 6 of the Amended Complaint that "Defendants' use of the trademark PARK'S FINEST falsely represents to consumers that they are selling Parks' products, specifically Parks' finest products."

Objection:  Parks, LLC objects to Request No. 96 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 96 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 97:  All documents concerning the allegation in paragraph 20 of the Amended Complaint that Dietz & Watson did or does "business as Parks Sausage  Company."

Objection:  Parks, LLC objects to Request No. 97 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 97 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 98:  All documents concerning the allegation in paragraph 23 of the Amended Complaint that "[i]n 1987 Sara Lee acquired a 45% interest in Parks Sausage Company."

Objection:  Parks, LLC objects to Request No. 98 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 98 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 99:  All documents concerning the allegation in paragraph 24 of the Amended Complaint that "Sara Lee's 45% interest in Parks Sausage Company was bought back in 1995."

Objection:  Parks, LLC objects to Request No. 99 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 99 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 100:  All documents concerning the allegation in paragraph 40 of the Amended Complaint that "[a]t the time Defendants began advertising its products as PARK'S FINEST, they and their employees were fully aware of Parks' long-time prior use of the trademark PARKS."

Objection:  Parks, LLC objects to Request No. 100 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 100 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 101:  All documents concerning the allegation in paragraph 42 of the Amended Complaint that "Defendants' adoption of Parks' trademark PARKS and use in advertising their products was made with the intention of preempting PARKS and replacing Parks as the recognized owner of the PARKS trademark for processed meat products, including sausage links."

Objection:  Parks, LLC objects to Request No. 101 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 101 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 102:  All documents concerning the allegation in paragraph 49 of the Amended Complaint that Defendants' use of BALL PARK PARK'S FINEST "threatens to destroy the business Parks has sustained thus far and the expansion of that business under the trademark PARKS."

<u>Objection</u>:  Parks, LLC objects to Request No. 102 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 102 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 103:  All documents concerning the allegation in paragraph 58 of the Amended Complaint that "Defendants' marketing and sale of their products using the trademark PARK'S FINEST, alone or with BALL PARK, will cause Parks to lose the value of its mark including its goodwill and reputation and ability to move into new markets."

<u>Objection</u>:  Parks, LLC objects to Request No. 103 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 103 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 104:  All documents concerning the allegation in paragraph 64 and 74  of the Amended Complaint that "[t]he Parks mark has acquired secondary meaning and distinctiveness."

Objection:  Parks, LLC objects to Request No. 104 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 104 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 105:  All documents concerning the allegations in paragraphs 65 and 75 of the Amended Complaint that "[t]he PARKS mark is widely recognized by the general consuming public of the United States as a designation of source of the goods sold by Parks."

Objection:  Parks, LLC objects to Request No. 105 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 105 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 106:  All documents concerning the allegations in paragraph 66 and 76 of the Amended Complaint that "[t]he PARKS marks is a famous mark."

Objection:  Parks, LLC objects to Request No. 106 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 106 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No. 107:  All documents that you sent to or received from Shoprite concerning Parks Products.

<u>Objection</u>:  Parks, LLC objects to Request No. 107 as overly broad and unduly burdensome to the extent that it seeks all documents and contains no indication as to time.  Parks, LLC further objects to Request No. 107 as it seeks confidential/trade secret information.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 108:  All documents that you sent to or received from any institutional buyer concerning Parks Products or Defendants' BALL PARK PARK'S FINEST products or advertising.

<u>Objection</u>:  Parks, LLC objects to Request No. 108 as overly broad indefinite and burdensome as it appears to call for documents for an unspecified period of time and that the term "institutional buyer" is vague.  Parks, LLC further objects to Request No. 108 as it seeks confidential/trade secret information.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 109:  All documents that you sent to or received from Patrick Caputo concerning Parks Products or Defendants' BALL PARK PARK'S FINEST products.

Objection:  Parks, LLC objects to Request No. 109 as overly broad and unduly burdensome to the extent that it seeks all documents and contains no limitation as to time.  Parks, LLC further objects to Request No. 109 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 110:  All documents that you sent to or received from Giuseppe Harris concerning Parks Products or Defendants' BALL PARK PARK'S FINEST products.

Objection:  Parks, LLC objects to Request No. 110 as overly broad and unduly burdensome to the extent that it seeks all documents and contains no limitation as to time.  Parks, LLC further objects to Request No. 110 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 111:  All documents that you sent to or received from John Child concerning Parks Products or Defendants' BALL PARK PARK'S FINEST products.

Objection:  Parks, LLC objects to Request No. 111 as overly broad and unduly burdensome to the extent that it seeks all documents.  Parks, LLC further objects to Request No. 111 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Request No.112:  All documents that you sent to or received from Frank Panna concerning Parks Products or Defendants' BALL PARK PARK'S FINEST products.

Objection:  Parks, LLC objects to Request No. 112 as overly broad and unduly burdensome to the extent that it seeks all documents.

Response:  Parks, LLC has no documents responsive to Request No. 112.

Request No. 113:  All documents you identified or relied on in responding to any interrogatory propounded by Defendants in this action.

Objection:  Parks, LLC objects to Request No. 113 as overly broad and unduly burdensome to the extent that it seeks all documents and seeks confidential/trade secret information.  Parks, LLC further objects to Request No. 113 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Request No. 114:  All documents concerning this action provided to you or your attorneys by any third party.

Objection:  Parks, LLC objects to Request No. 114 as overly broad and unduly burdensome to the extent that it seeks all documents and seeks confidential/trade secret information.  Parks, LLC further objects to Request No. 114 in calling for documents protected by the attorney/client privilege and attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections,

Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable

search, after and only if an appropriate protective order has been entered by the Court with the

consent of the parties.

Request No. 115:  Your document retention policy from January 1, 1996 to date.

Objection:  Parks, LLC objects to Request No. 115 as overly broad and unduly burdensome to

the extent that it seeks Parks' document retention policies for a period of almost 20 years.  Parks,

LLC further objects to Request No. 115 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections,

Parks, LLC will produce responsive, non-privileged documents, if any, pursuant to a reasonable

search, after and only if an appropriate protective order has been entered by the Court with the

consent of the parties.

Dated:  June 22, 2015                          Respectfully submitted,

                                BY:    *John S Child, Jr*
                                        JOHN S. CHILD, JR.
                                          Pennsylvania Atty. No.  18838
                                        JAMES C. MCCONNON, ESQ.
                                          Pennsylvania Atty. No.  13011
                                        ALEX R. SLUZAS, ESQ.
                                          Pennsylvania Atty. No.  39931
                                        *ATTORNEYS FOR PLAINTIFF*

                                        PAUL & PAUL
                                        1717 Arch Street
                                        Suite 3740
                                        Philadelphia, PA  19103
                                        (215) 568-4900
                                        Fax: (215) 567-5057

- 51 -

## CERTIFICATE OF SERVICE

I, John S. Child, Jr., hereby certify that a true and correct copy of the foregoing Response Of Parks, LLC To Defendants Tyson Foods, Inc. And Hillshire Brands Co.'s First Request For Production Of Documents was served upon the following counsel of record by First Class Mail, postage prepaid, on June 22, 2015:

Mark H. Churchill
John J. Dabney
Mary D. Hallerman
McDermott Will & Emery LLP
500 North Capitol Street NW
Washington, DC 20001

Daniel T. Brier
Myers, Brier & Kelly
425 Spruce Street
Scranton, PA 18501

Dated: June 22, 2015

John S. Child, Jr.

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| PARKS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 15-0946-JFL |
| TYSON FOODS, INC., and | : | |
| HILLSHIRE BRANDS COMPANY, | : | |
| | : | |
| Defendants. | : | |

**RESPONSE OF PARKS, LLC
TO DEFENDANTS TYSON FOODS, INC. AND
<u>HILLSHIRE BRANDS CO.'S FIRST SET OF INTERROGATORIES</u>**

Pursuant to Fed. R. Civ. P. 33, Parks, LLC ("Parks"), hereby serves the following

Responses to Defendants' First Set of Interrogatories served on May 22, 2015.

**OBJECTION TO THE INSTRUCTIONS**

Parks objects to the Instructions to the extent Tyson is attempting to impose obligations

upon Parks that exceed and modify those imposed by the applicable Rule 33 of the Federal Rules

of Civil Procedure.  Parks does not agree to follow Tyson's instructions to the extent that they

purport to impose such obligations, and will comply with its obligations under the Federal Rules.

**GENERAL OBJECTIONS**

Parks makes the following General Objections to Tyson's First Set of Interrogatories to

Parks.  These General Objections apply to, and are incorporated by reference in, Parks'

Responses to each of Interrogatories 1 – 8 below.  Specific responses are made in addition to

these General Objections.

General Objection No. 1

Parks objects to each interrogatory to the extent that that they purport to impose requirements beyond those mandated by the Federal Rules of Civil Procedure or other applicable law, to the extent that they seek material that is not within the custody or control of Parks, to the extent that they are not limited with respect to time or subject matter or otherwise seek information not reasonably calculated to lead to the discovery of admissible, relevant evidence, to the extent that they are burdensome, oppressive, or expensive to produce, taking into consideration the needs of Tyson, the limited resources of Parks and the importance of specific issues for which discovery is sought, to the extent that they are unreasonably cumulative or duplicative, or seek information available from a more convenient, less expensive source, and to the extent they are vague and overly broad.

General Objection No. 2

Parks objects to the form of Tyson's interrogatories in that they fail to identify subparts and thus do not comply with Rule 26 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) making it more difficult for Parks' interrogatory responses to comply with Fed. R. Civ. P. Rule 26.

General Objection No. 3

Parks objects to Tyson's interrogatories to the extent they seek information protected by applicable privileges (including, but not limited to, the attorney-client privilege, and attorney work product privilege) or otherwise protected under applicable law.  In the event such privileged information is produced in response to Tyson's interrogatories, such production is inadvertent and shall not constitute a waiver of any privilege, doctrine, or other applicable ground for protecting such information from disclosure.

Additional objections may be present regarding specific requests below.

**OBJECTIONS AND RESPONSES**

Interrogatory No. 1:  Identify each of your Parks Products that have been distributed or sold since January 1, 1996, and the Stock Keeping Unit (SKU), Universal Product Code (UPC) number, and item number for each product.

Objection:  Parks objects to Interrogatory No. 1 as overly broad and burdensome in that it seeks information since 1996, a time period of almost 20 years.  Parks further objects to Interrogatory No. 1 in that the interrogatory fails to identify subparts and thus does not comply with Fed. R. Civ. P. Rule 26 making it more difficult to comply with Fed. R. Civ. P. Rule 26. The interrogatory asks 1) the Stock Keeping Unit (SKU) for each of the Parks products distributed and sold since January 1, 1996; 2) the Universal Product Code (UPC) number for each of the Parks products distributed and sold since January 1, 1996 and 3) the item number for each of the Parks products distributed and sold since January 1, 1996.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Interrogatory No. 2:  Beginning with January 1, 1996, and continuing on a monthly basis to date, for each of your Parks Products, state the number of units sold or distributed, the revenues received, and the precise geographic locations where such products were sold or distributed, and identify the persons that purchased or received such products.

Objection:  Parks objects to Interrogatory No. 2 in that the interrogatory fails to identify subparts and thus does not comply with Fed. R. Civ. P. Rule 26 making it more difficult for Parks' interrogatory responses to comply with Fed. R. Civ. P. Rule 26.  The interrogatory asks for 1) the number of units sold; 2) the number of units distributed; 3) the revenues received; 4) the precise geographic location where such products were sold; 5) the precise geographic locations where

such products were distributed; 6) the persons who purchased such products; and 7) the persons who received such products

Additionally, Parks objects to Interrogatory No. 2 as overly broad and burdensome in calling for the search for and the collection and detailed description of these documents.

Parks further objects to Interrogatory No. 2 as it seeks confidential/trade secret information.

Parks objects to Interrogatory No. 2 as overly broad and unduly burdensome to the extent that it seeks all documents and information over a time period of almost 20 years.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Interrogatory No. 3:  For each month beginning with January 1, 1996, and continuing to date, identify each advertisement or promotion for Parks Products that was published, the state(s) in which it was published, the media in which it was published (e.g., the particular magazine, newspaper, website, etc.), and how much money was spent on such advertising and promotion.

Objection:  Parks objects to Interrogatory No. 3 as overly broad and unduly burdensome to the extent that it seeks all documents over a time period of almost 20 years.

Parks objects to Interrogatory No. 3 in that the interrogatory fails to identify subparts and thus does not comply with Fed. R. Civ. P. Rule 26 making it more difficult for Parks' interrogatory responses to comply with Fed. R. Civ. P. Rule 26.  The interrogatory asks for 1) each advertisement for Parks Products that was published; 2) each promotion for Parks Products that was published; 3) the states in which each advertisement for Parks Products was published; 4) the states in which the promotion for Parks Products was published; 5) the media in which

- 4 -

each advertisement for Parks Products was published; 6) the media in which each promotion for Parks Products was published; 7) how much money was spent on such advertising for Parks Products; and 8) how much money was spent on such promotion for Parks Products.

Parks further objects to Interrogatory No. 3 as it seeks confidential/trade secret information.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Interrogatory No. 4:  Identify all persons who have been mistaken, confused, or deceived as a result of Defendants' use of PARK'S FINEST or BALL PARK PARK'S FINEST, including the names of all such individuals, the dates on which such confusion allegedly occurred, how Plaintiff learned of such confusion, the nature of the alleged confusion, mistake, or deception, and identify all communications with such persons.

<u>Objection</u>:  Parks objects to Interrogatory No. 4 in that the interrogatory fails to identify subparts and thus does not comply with Fed. R. Civ. P. Rule 26 making it more difficult for Parks' interrogatory responses to comply with Fed. R. Civ. P. Rule 26.  The interrogatory asks for 1) the identity of all persons who have been mistaken, confused, or deceived as a result of Defendants' use of PARK'S FINEST or BALL PARK PARK'S FINEST; 2) how Plaintiff learned of such confusion; 3) the nature of the alleged confusion, mistake, or deception; and 4) the identification of all communications with such persons.

Parks further objects to Interrogatory No. 4 as indefinite and argumentative by reason of the use of "allegedly" and "alleged."  Defendants' interrogatory imputes any answer provided by Parks.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search.

Interrogatory No. 5:  Identify and describe the terms of all agreements, written or oral, concerning the sale, manufacture, marketing, or advertising of your Parks Products, including but not limited to any agreements with Dietz & Watson or Super Bakery.

<u>Objection</u>:  Parks objects to Interrogatory No. 5 as overly broad and unduly burdensome to the extent that it seeks all documents and information over an unspecified time period.  Parks further objects to Interrogatory No. 5 in that the interrogatory fails to identify subparts and thus does not comply with Fed. R. Civ. P. Rule 26 making it more difficult for Parks' interrogatory responses to comply with Fed. R. Civ. P. Rule 26.  The interrogatory calls for 1) an identification and description of all agreements, written or oral, concerning the sale of Parks products; 2) an identification and description of all agreements, written or oral, concerning the manufacture of Parks products; 3) an identification and description of all agreements, written or oral concerning the marketing of Parks products; and 4) an identification and description of all agreements, written or oral, concerning the advertising of Parks products.

Parks further objects to Interrogatory No. 5 as it seeks confidential/trade secret information.

<u>Response</u>:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

- 6 -

Interrogatory No. 6:  Identify all persons that have knowledge or information concerning the marketing, advertising, promotion, distribution, or sale of Parks Products, and describe the knowledge or information that each such person has.

Objection:  Parks objects to Interrogatory No. 6 as overly broad and unduly burdensome to the extent that it seeks all documents and information over an unspecified time period.

Parks further objects to Interrogatory No. 6 as it seeks confidential/trade secret information.

Response:  Subject to and without waiving the foregoing objections and the general objections, Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable search, after and only if an appropriate protective order has been entered by the Court with the consent of the parties.

Interrogatory No. 7:  Identify and fully describe the facts and circumstances surrounding how you first learned about Defendants' BALL PARK PARK'S FINEST products and Defendants' BALL PARK PARK'S FINEST marks, as well as all communications with any person concerning Defendants' BALL PARK PARK'S FINEST products and Defendants' BALL PARK PARK'S FINEST marks.

Objection:  Parks objects to Interrogatory No. 7 as overly broad and unduly burdensome to the extent that it seeks all communications.  Parks also objects to Interrogatory No. 7 in that the interrogatory fails to identify subparts and thus does not comply with Fed. R. Civ. P. Rule 26 making it more difficult for Parks' interrogatory responses to comply with Fed. R. Civ. P. Rule 26. the interrogatory asks for Parks to 1) identify and fully describe the facts and circumstances surrounding how Parks first learned about Defendant's BALL PARK PARK'S FINEST products; 2) identify and fully describe how Parks first learned about Defendants BALL PARKS PARK'S FINEST marks; 3) all communications with any person concerning BALL PARK'S

PARKS FINEST products; and 4) communications with any person concerning Defendants'
BALL PARK'S PARKS FINEST marks.

Parks further objects to Interrogatory No. 7 in calling for documents protected by the
attorney-client privilege and the attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections,
Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable
search.

Interrogatory No. 8:  Identify all persons who participated in the preparation of your
responses to Defendants' Interrogatories or who furnished information or documents for you in
response to either Defendants' Interrogatories or Defendants' Requests for Production of
Documents and Things ("Document Requests"), and for each such person, specify the
Interrogatory or Document Request for which he/she provided information or documents or
participated in preparing.

Objection:  Parks further objects to Interrogatory No. 8 in calling for documents protected by the
attorney-client privilege and the attorney work product privilege.

Response:  Subject to and without waiving the foregoing objections and the general objections,
Parks will produce responsive, non-privileged documents, if any, pursuant to a reasonable
search.

AS TO RESPONSES:

June _22_, 2015

_____

Franco Harris
President of Parks, LLC

AS TO OBJECTIONS:

June _22_, 2015

                              _John S. Child Jr_

JOHN S. CHILD, JR.
  Pennsylvania Atty. No.  18838
JAMES C. MCCONNON, ESQ.
  Pennsylvania Atty. No.  13011
ALEX R. SLUZAS, ESQ.
  Pennsylvania Atty. No.  39931
*ATTORNEYS FOR PLAINTIFF*

PAUL & PAUL
1717 Arch Street
Suite 3740
Philadelphia, PA  19103
(215) 568-4900
Fax: (215) 567-5057

## CERTIFICATE OF SERVICE

I, John S. Child, Jr., hereby certify that a true and correct copy of the foregoing Response Of Parks, LLC To Defendants Tyson Foods, Inc. And Hillshire Brands Co.'s First Set Of Interrogatories was served upon the following counsel of record by First Class Mail, postage prepaid, on June 22, 2015:

> Mark H. Churchill
> John J. Dabney
> Mary D. Hallerman
> McDermott Will & Emery LLP
> 500 North Capitol Street NW
> Washington, DC  20001
>
> Daniel T. Brier
> Myers, Brier & Kelly
> 425 Spruce Street
> Scranton, PA  18501

Dated:  June 22, 2015

_John S. Child, Jr._
John S. Child, Jr.

# EXHIBIT B



John J. Dabney
Attorney at Law
jdabney@mwe.com
+1 202 756 8343

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

July 22, 2015

VIA EMAIL (Chambers_of_Judge_Joseph_F_Leeson_Jr@paed.uscourts.gov)

The Honorable Joseph F. Leeson, Jr.
Edward N. Cahn Courthouse and Federal Building
504 West Hamilton Street, Suite 3401
Allentown, PA  18101

Re:     **Parks, LLC v. Tyson Foods, Inc. and Hillshire Brands Company**
         **Civil Action No. 5:15-cv-00946-JFL**

Dear Judge Leeson:

We are counsel to Defendants in the above-referenced action.  We are writing to follow-up on our request for a hearing at your earliest possible convenience on outstanding discovery issues.

As noted in our July 20 letter, Plaintiff Parks, LLC has not answered any of the eight interrogatories which were propounded to it months ago (*see* Exhibit 2 to July 20, 2015 Letter from John Dabney) and has excluded from its production any documents dated from at least the last five years.  Plaintiff's alleged licensees, Super Bakery and Dietz & Watson (who are represented by the same counsel), have produced no documents despite each being served with a subpoena for documents approximately two months ago.

In addition to the deficiencies outlined in our July 20 letter, Defendants have learned that Plaintiff also has withheld all responsive electronic documents, including e-mails.  The Local Rules on electronic discovery state "[d]iscovery of electronic documents shall proceed in the following sequenced fashion: (a) after receiving requests for document production, **the parties shall search their documents, other than those identified as limited accessibility electronic documents, and produce responsive electronic documents in accordance with Fed. R. Civ. P. 26(b)(2)**."  Despite being served with written document requests two months ago, Plaintiff has not produced any electronic discovery as required by the Local Rules as step one in the "timing of e-discovery."

Discovery closes on September 15.  Plaintiff refuses to participate in this case.  Thus, Defendants cannot thoroughly interrogate witnesses at depositions, identify witnesses who are thus far unidentified, conduct follow-up discovery, or identify the areas where expert discovery may be needed.  If Plaintiff intends not to participate in this case, Plaintiff's Amended Complaint should be stricken and judgment entered against it.  At a minimum, Defendants ask that the Court compel Plaintiff to immediately produce all the responsive documents, including electronic

U.S. practice conducted through McDermott Will & Emery LLP.

**500 North Capitol Street, N.W. Washington DC 20001-1531  Telephone: +1 202 756 8000  Facsimile: +1 202 756 8087  www.mwe.com**

The Honorable Joseph F. Leeson, Jr.
July 22, 2015
Page 2

documents and responses to Defendants' Interrogatories by a date certain.  The discovery deadlines should be extended so that Plaintiff does not benefit from its knowing and blatant refusal to comply with its discovery obligations.

We respectfully reiterate our request for a hearing at your earliest possible convenience.

Respectfully submitted,

John J. Dabney

JJD/ahg

cc:     James C. McConnon, Esq., Counsel for Plaintiff, Super Bakery, Inc. and Dietz & Watson
        (via email - j.mcconnon@paulandpaul.com)
        Alex Sluzas, Esq., Counsel for Plaintiff, Super Bakery, Inc. and Dietz & Watson
        (via email - ars@paulandpaul.com)
        Mark H. Churchill, Esq., Counsel for Defendants (via email - mchurchill@mwe.com)
        Daniel T. Brier, Esq., Counsel for Defendants (via email - dbrier@mbklaw.com)

# EXHIBIT C

HENRY N. PAUL, JR.
1925-1987
E. ARTHUR THOMPSON
1957-1992

JAMES C. McCONNON
JOHN F. McNULTY
ALEX R. SLUZAS
OURMAZD S. OJAN
JOHN J. SIMKANICH
JOHN S CHILD JR.

LAW OFFICES OF

# PAUL & PAUL

THREE LOGAN SQUARE
1717 ARCH STREET
SUITE 3740
PHILADELPHIA, PA 19103
(215) 568-4900

PATENTS, TRADEMARKS, COPYRIGHTS
AND
INTELLECTUAL PROPERTY CAUSES

FAX 215-567-5057
www.paulandpaul.com
info@paulandpaul.com

j.mcconnon@paulandpaul.com

July 22, 2015

The Honorable Joseph F. Leeson, Jr.
Edward N. Cahn Courthouse and Federal Building          BY E-MAIL
504 West Hamilton Street, Suite 3401
Allentown, PA  18101

    Re:    Parks, LLC v. Tyson Foods, Inc. and Hillshire Brands Company
            Civil Action No: 5:15-cv-00946-JFL

Dear Judge Leeson:

This responds to Mr. Dabney's letter of July 20, 2015 requesting a telephone conference with the Court concerning Defendants' discovery.  It is submitted that there is no discovery issue requiring the Court's intervention at this time.

Mr. Dabney refers to the "above issues" in his second paragraph but no "issues" are stated above.  He asks the Court in his last paragraph "to resolve these issues" but does not state what resolution he proposes.  The letter does not certify that all counsel have already made a good faith effort to resolve the "issues" as required by the Court's Procedure II C 3 and Local Rule 26.1.  Instead, it presents a recitation of his version of what Mr. Dabney refers to as our "deficiencies."  Mr. Dabney's recitation is incomplete and inaccurate.

Defendants' discovery comprises:  (1) a subpoena on Wakefern Food Corporation and its subsidiary ShopRite Supermarkets, Inc. for deposition and requiring the production of 16 categories of documents; (2) a subpoena on Super Bakery for deposition and requiring the production of 33

Hon. Joseph F. Leeson, Jr.
July 22, 2015
Page 2

categories of documents; (3) a subpoena on Dietz & Watson for deposition and requiring the

production of 32 categories of documents; and (4) 115 document requests and 8 interrogatories

served on Parks, LLC.

The Wakerfern/ShopRite subpoena scheduled the deposition and production on June 10,

2015. When we subsequently inquired of Mr. Dabney, he professed to be unaware of any result.

We have received no documents.

The Super Bakery and Dietz & Watson depositions were both noticed for June 19, 2015 at

Pittsburgh and Baltimore respectively. On June 17, we received an e-mail from Mr. Dabney,

informing us that "As it turns out, I must be in court in Virginia on Friday am and thus we must

reschedule the depositions." We have heard nothing further.

All of Defendants' discovery requires searching of and for documents at least from January

1, 1996 to date. That extends back into the bankruptcy of H.G. Parks, Inc. and prior to the

acquisition by Parks, LLC of the assets of Parks Sausage Company. It also includes the periods

during which the Baltimore plant was operated successively by H.G. Parks, Inc., Parks, LLC and

Dietz & Watson. Because of the extended time period and the complexity of sources, we have

invited Mr. Dabney to prioritize his requests which he has declined to do.

Parks, LLC, Super Bakery and Dietz & Watson have examined the respective discovery

requests and are searching for responsive documents. In addition to the number of years that must

be covered, many of Defendants' discovery requests call for documents or information that were not

collected, were collected in different form or categories and/or were not retained in the ordinary

course of business. In fact, Defendants' requests call for the "document retention policies from

Hon. Joseph F. Leeson, Jr.
July 22, 2015
Page 3

January 1, 1996" of Parks, LLC, Super Bakery and Dietz & Watson.  Because Defendants'

discovery requests are broad and do not correspond to the way in which the respondents maintain

their records, it is necessary to search through large quantities of material just to find whether it

contains anything responsive.  That search is ongoing and is not completed.

The responses to Defendants' document requests timely state the respondents objections

based primarily on their breadth but in response to virtually every request offer to seek and produce

relevant documents.  Mr. Dabney's statement that Plaintiff had withheld non-privileged responsive

documents is incorrect.  In response to his question, it was explained that the immediate search was

for material within the scope of Defendants' discovery that was most relevant and that as soon as the

search is completed we can review them against the scope of the discovery and determine whether

any documents covered by the discovery requests should not be produced.  We proposed to meet and

confer with him then to determine if any issues existed but he rejected the proposal.

Lacking any indication of priority, we have first produced those most readily available,

thousands of documents obtained from Baltimore relating to the operation of the Parks Sausage

Company plant from the time of the bankruptcy to the transfer of the plant to Dietz & Watson.

Those documents were turned over to Mr. Dabney's firm for copying with the understanding that

they would be returned to us with the Bates Number applied to the documents.  They were returned

but without the Bates Numbers.

The next most readily available documents are Dietz & Watson records of the specific sales

information required by the subpoena.  They comprise information from 57,846 invoices contained

Hon. Joseph F. Leeson, Jr.
July 22, 2015
Page 4

in over 2000 spread sheets reporting the sales to each customer and the respective sales prices.

Because they contain valuable non-public information of Dietz & Watson, we seek a protective

order before producing them.  A motion for protective order is being filed today.

Mr. Dabney has made no mention of Plaintiff's discovery. We have not yet received any

response to our document requests, interrogatories or requests for admission. We have invited Mr.

Dabney to confer with us next week on that subject as well as on his own concerns.

Respectfully,

James C. McConnon

JCMcC:dlb
cc:     John J. Dabney
        Mark H. Churchill
        Mary D. Hallerman
        Daniel T. Brier

# EXHIBIT D



John J. Dabney
Attorney at Law
jdabney@mwe.com
+1 202 756 8343

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

July 23, 2015

VIA EMAIL (Chambers_of_Judge_Joseph_F_Leeson_Jr@paed.uscourts.gov)

The Honorable Joseph F. Leeson, Jr.
Edward N. Cahn Courthouse and Federal Building
504 West Hamilton Street, Suite 3401
Allentown, PA  18101

Re:     **Parks, LLC v. Tyson Foods, Inc. and Hillshire Brands Company**
        **Civil Action No. 5:15-cv-00946-JFL**

Dear Judge Leeson:

We are counsel for Defendants in the above action.  This letter responds to Mr. McConnon's
July 22 letter.  Mr. McConnon's letter crystalizes the discovery problems in this case and
highlights the need for the Court's immediate intervention.

1.        Contrary to the assertion in Mr. McConnon's letter (at 1), the parties did meet and confer
to resolve the discovery issues raised in our letters as required by the Local Rules.  The meeting
occurred by telephone on Monday, July 20 at 1:00 p.m.  I participated on behalf of Defendants
and Messrs. Sluzas and Child participated on behalf of Plaintiff, and non-parties Super Bakery,
Inc. and Dietz & Watson, who are allegedly Plaintiff's trademark licensees.

2.        Mr. McConnon's statement (at 4) that "Plaintiff has not yet received any response [from
Defendants] to Plaintiff's written discovery requests" is true, but palpably misleading.
Defendants' responses are not due for another week (as provided under the Federal Rules of
Civil Procedure), and it is very troubling that Mr. McConnon would create the false impression
that Defendants have not complied with their discovery obligations.

3.        Mr. McConnon's letter acknowledges that Plaintiff served subpoenas on Super Bakery
and Dietz & Watson two months ago, each containing 33 document requests.  Mr. McConnon's
letter does not dispute that Super Bakery and Dietz & Watson have not produced a single piece
of paper in response to the subpoenas.  Mr. McConnon represents that these entities are still
searching for documents.  During the meet and confer on Monday, we requested a date certain by
which the searching and production will be complete.  But counsel for Super Bakery and Dietz &
Watson refused to provide one.  Discovery closes in less than two months on September 15.  At
the rate these two entities are producing documents, this case will be over by the time they
actually produce a document.  Defendants cannot effectively conduct the depositions of Super

U.S. practice conducted through McDermott Will & Emery LLP.

500 North Capitol Street, N.W. Washington DC 20001-1531  Telephone: +1 202 756 8000  Facsimile: +1 202 756 8087  www.mwe.com

The Honorable Joseph F. Leeson, Jr.
July 23, 2015
Page 2

Bakery and Dietz & Watson with no documents.  Defendants also cannot conduct follow-up
discovery with no documents or identify possible witnesses.

4.      Mr. McConnon's letter acknowledges that Defendants served requests for production on
Plaintiff two months ago and does not dispute that Plaintiff has produced no responsive
documents created within at least the last five years and no electronic documents (including e-
mails) whatsoever, despite the Local Rules requirements regarding electric discovery.
Mr. McConnon says that the search of Plaintiff's documents is ongoing.  During the meet and
confer conference on Monday, Plaintiff's counsel refused to provide a date certain by which
Plaintiff will complete its document production in response to the requests.  Discovery closes on
September 15.  Defendants cannot effectively interrogate Plaintiff's corporate representative or
other witnesses with the woefully deficient document production that has been made thus far –
no documents from at least the last five years and not a single e-mail.  Defendants also cannot
conduct follow-up discovery or identify other possible witnesses that thus far are unidentified.

5.      Mr. McConnon's letter understandably ignores Plaintiff's manifestly deficient responses
to each of Defendants' eight interrogatories served two months ago.  See Defendants' July 20
letter and enclosures.  During the meet and confer conference on Plaintiff's interrogatory
responses, Plaintiff's counsel said he was unprepared to discuss Plaintiff's interrogatory
responses and could not commit to a date certain to tender amended responses.  Instead,
Plaintiff's counsel stated that he had statutory deadlines that he had to fulfil in other matters,
presumably patent prosecution matters that have nothing to do with this case.  Discovery closes
on September 15.  Defendants cannot properly conduct a Rule 30(b)(6) deposition or the
depositions of Plaintiff's other witnesses without proper responses to the interrogatories.  Nor
can Defendants conduct follow-up discovery or identify other possible witnesses that thus far are
unidentified.

6.      Mr. McConnon did not participate in Monday's meet and confer conference and contrary
to his statement in the July 22 letter (at 3), Plaintiff's counsel did, in fact, assert during that
conference that Plaintiff was withholding non-privileged, responsive documents based on its
objections.  Plaintiff was unable or unwilling to identify the categories of non-privileged
documents being withheld, the objections on which Plaintiff was relying to withhold the non-
privileged documents or the requests to which the non-privileged documents were responsive.
Without this information, there is no way to begin to determine if Plaintiff's document
production is complete once Plaintiff finishes its search and completes its production.

7.      Plaintiff's single document production in late June was an absolute mess.  The documents
were thrown in files and looked like they hadn't been touched in decades.  In fact, as
Mr. McConnon's letter acknowledges (at 3), the documents do, in fact, date back to 20 years to
the bankruptcy of Plaintiff's predecessor.  Contrary to Mr. McConnon's letter (at 3), there was
no agreement for Defendants to Bates stamp the documents for Plaintiff.  Plaintiff refused to
produce the documents with Bates stamps, so Defendant hired and paid a vendor to do what
Plaintiff refused to do.

The Honorable Joseph F. Leeson, Jr.
July 23, 2015
Page 3


8.      Mr. McConnon's letter states (at 2) that Defendants did not produce documents that they received in response to the subpoena they served on Shoprite.  That is because Shoprite did not produce any documents in response to the subpoena, a fact which we told Mr. McConnon long ago.

9.      As Mr. McConnon's letter states (at 2), Plaintiff did request that Defendants prioritize their document requests.  But the first time Plaintiff made that request was during the conference on Monday, <u>two months after the requests were served and less than two months from the close of discovery.</u>  Discovery closes on September 15.  Super Bakery and Dietz & Watson have produced no documents.  Plaintiff has produced no e-mails and no documents from at least the last five years.  Plaintiff has not properly answered a single interrogatory.  Defendants declined to prioritize the requests at this late date because of the woefully deficient nature of the production thus far.  Defendants want Plaintiff, Super Bakery, and Dietz & Watson to simply comply with the Federal Rules of Civil Procedure and the Local Rules of this Court and produce documents in response to the requests that were served two months ago, and to serve proper responses to the interrogatories.

We respectfully ask for a hearing on these issues at your earliest possible convenience.

Sincerely,

John J. Dabney

John J. Dabney

JJD/ahg

cc:     James C. McConnon, Esq., Counsel for Plaintiff, Super Bakery, Inc. and Dietz & Watson
        (via email - j.mcconnon@paulandpaul.com)
        Alex Sluzas, Esq., Counsel for Plaintiff, Super Bakery, Inc. and Dietz & Watson
        (via email - ars@paulandpaul.com)
        Mark H. Churchill, Esq., Counsel for Defendants (via email – mchurchill@mwe.com)
        Daniel T. Brier, Esq., Counsel for Defendants (via email - dbrier@mbklaw.com)

DM_US 62736849-1.T05818.0010

# EXHIBIT E

HENRY N. PAUL, JR.
1925-1987
E. ARTHUR THOMPSON
1957-1992

JAMES C. McCONNON
JOHN F. McNULTY
ALEX R. SLUZAS
OURMAZD S. OJAN
JOHN J. SIMKANICH
JOHN S. CHILD, JR.

LAW OFFICES OF

# PAUL & PAUL

THREE LOGAN SQUARE
1717 ARCH STREET
SUITE 3740
PHILADELPHIA, PA 19103
(215) 568-4900

PATENTS, TRADEMARKS, COPYRIGHTS
AND
INTELLECTUAL PROPERTY CAUSES

FAX 215-567-5057
www.paulandpaul.com
info@paulandpaul.com

Direct dial: 267-765-0170
j.mcconnon@paulandpaul.com

July 23, 2015

**BY E-MAIL**

The Honorable Joseph F. Leeson, Jr.
Edward N. Cahn Courthouse and Federal Building
504 West Hamilton Street, Suite 3401
Allentown, PA  18101

      Re: Parks, LLC v. Tyson Foods, Inc. and Hillshire Brands Company
         Civil Action No: 5:15-cv-00946-JFL

Dear Judge Leeson:

      Mr.Dabney's follow-up letter of yesterday, accusing Plaintiff of a "knowing and blatant refusal to comply with its discovery obligations", is baseless.

      In his follow-up, Mr. Dabney claims to have just learned that "Plaintiff also has withheld all responsive electronic documents, including e-mails." His discovery is based on what he quotes to the Court, in bold face and underlined, as "[t]he Local Rules on electronic discovery". Mr. Dabney does not cite to any Rule in the Local Rules of the Eastern District of Pennsylvania. That is because there is no such Rule.

      Defendants' interrogatories have not been answered yet because they manifestly cannot be answered as stated without searching for and examining records back to January 1, 1996 and Mr. Dabney has been unwilling to cooperate with us to expedite the answers. For example, Interrogatory Nos.1 requires a search for (1) the Stock Keeping Unit; (2) the Universal Product Code number, and: (3) the item number for each product distributed or sold since that time. Interrogatory No. 2 requires a search for additional information concerning the same products for the same time period: (1) the number of units sold; (2) the number of units distributed; (3) the

The Honorable Joseph F. Leeson, Jr.
Civil Action No: 5:15-cv-00946-JFL
July 23, 2015
Page 2

revenues received; (4) the precise geographic location where such products were sold; (5) the

precise geographic locations where such products were distributed; (6) the persons who

purchased such products; and (7) the persons who received such products Plaintiff objected to

the "time period of almost 20 years" but responded that it "will produce responsive, non-

privileged documents, if any, pursuant to a reasonable search". Mr. Dabney rejected our

invitation to tell us what documents, if any, he wanted first. He never told us he that he wanted

documents from "the last five years" as he now tells the Court. Therefore, no documents have

been produced in response to the interrogatories, not because they are being withheld, but

because the interrogatories as stated cannot be answered until the documents for the entire 20

year period have been searched for and the information obtained.

Mr. Dabney's complaint that no documents have been produced by Super Bakery or

Dietz & Watson "despite each being served with a subpoena for documents approximately two

months ago" is answered by his own conduct. As I explained in my letter of yesterday, Mr.

Dabney's subpoenas on both companies required them to appear for deposition on June 19,

2015 but Mr. Dabney cancelled them on June 17 because he had other engagements. His

complaint that all of the documents he has received are over five years old overlooks the fact

that we produced the printout of Super Bakery's sales records with prices and customers up to

and including 2014 on August 21, 2014 in the opposition proceeding and that we are proposing

to produce thousands of documents from Dietz & Watson with the same information.

We have just received Mr. Dabney's third letter addressed to Your Honor.

His first paragraph contains several misstatements. The Local Rules and Your Honor's

Procedure II C 3 which I cited required Mr.Dabney's letter to certify that all counsel had made a

"good faith effort to resolve the issue themselves". Not only does Mr. Dabney not provide the

required certification, his letters give no indication he is willing to discuss much less resolve any

The Honorable Joseph F. Leeson, Jr.
Civil Action No: 5:15-cv-00946-JFL
July 23, 2015
Page 3

issue. We have invited Mr. Dabney to confer next Thursday to discuss the discovery problems

of both parties but have had no response..

     We are likewise under pressure to complete our discovery before the September 15th

deadline and we have not yet received any response to our discovery as noted in my letter

yesterday. Mr. Dabney now confirms that he does not intend to produce anything unless and

until he has to. Accordingly, we would have no objection to the Court setting a deadline for both

parties to produce all documents and information in response to the each other's discovery

requests by August 15, 2015.

                           Respectfully,

                           James C. McConnon

JCMcC: dlb

Cc:   John J. Dabney
       Mark H. Churchill
       Mary D. Hallerman
       Daniel T. Brier

# EXHIBIT F



Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami

Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

John J. Dabney
Attorney at Law
jdabney@mwe.com
+1 202 756 8343

July 28, 2015

VIA EMAIL (Chambers_of_Judge_Joseph_F_Leeson_Jr@paed.uscourts.gov)

The Honorable Joseph F. Leeson, Jr.
Edward N. Cahn Courthouse and Federal Building
504 West Hamilton Street, Suite 3401
Allentown, PA  18101

Re:    **Parks, LLC v. Tyson Foods, Inc. and Hillshire Brands Company**
        **Civil Action No. 5:15-cv-00946-JFL**

Dear Judge Leeson:

We are counsel for Defendants in the above action.  We are writing to provide additional information in preparation for today's hearing at 3:30PM.

1.      Based on a comprehensive review of Plaintiff Parks, LLC's ("Parks") document production thus far, Parks has not produced a document that was created in the last **14 years**. It appears that Parks essentially shut its doors in the second quarter of 2000, which explains why it chose not to renew its trademarks and allowed them to expire.

2.      Parks produced approximately 30,000 pages of documents dating from mid-1996 to mid-2000.  Parks' production is woefully deficient under the Federal Rules of Civil Procedure.  No attempt was made to review it prior to it being made available for inspection.  A large proportion of the documents are not responsive to any document request, e.g., office memorandum on summer dress codes; notices of violation of the pressure valve regulations of Maryland; a check to Adventure World; results of inspections on the Parks' fire sprinkler system; medication purchases of Parks' employees; handouts from state and federal taxing authorities; e.g., a 40-page document entitled "Inventory Costing Under the Tax Reform Act of 1986," from the IRS; over 50 copies of an identical 2-page agreement; and a 60-page document not authored by Parks entitled "The Executive's Guides to Meetings."  These irrelevant documents were found **in just one of the twelve boxes of documents** that were produced by Parks.  The other eleven boxes contain precisely the same type of irrelevant, unresponsive information (e.g., numerous documents from Carrier Air Conditioner specifying in detail the repairs that were made to the Parks' air conditioning units and a high school report card belonging to Lydell Mitchell's daughter).  Parks made no effort to offer for inspection the documents that would have any bearing on this case.

U.S. practice conducted through McDermott Will & Emery LLP.

500 North Capitol Street, N.W. Washington DC 20001-1531  Telephone: +1 202 756 8000  Facsimile: +1 202 756 8087  www.mwe.com

The Honorable Joseph F. Leeson, Jr.
July 28, 2015
Page 2

3.      Here is just a sampling of the categories of documents that Parks has **not** produced, despite the fact that the documents were requested within days of the entry of the Court's Scheduling Order and were required to be produced a month ago:

      a.      No e-mails.
      b.      No documents created within the last 14 years.
      c.      No trademark records.
      d.      No trademark licenses.
      e.      No information about Parks' knowledge of Defendants' use of BALL PARK PARK'S FINEST.
      f.      No invoices from the last 14 years.
      g.      No advertising from the last 14 years.
      h.      No retailer information from the last 14 years.
      i.      No documents concerning the nature of the products that were allegedly sold under the PARKS mark within the last 14 years.
      j.      No documents about the 01/99 Agreement where Parks sold its facility to Dietz & Watson, but allegedly kept the PARKS mark, including the agreement itself.

4.      Super Bakery, Inc. – one of two alleged trademark licensees of Parks – has not produced a single document in response to Defendants' subpoena despite the fact that it is owned by the same persons who own Parks.  And, as the Court knows, the other alleged trademark licensee – Dietz & Watson – has not produced one document in the case, despite having been served with a subpoena nearly two months ago.

Respectfully submitted,

John J. Dabney

JJD/ahg

cc:    James C. McConnon, Esq., Counsel for Plaintiff, Super Bakery, Inc. and Dietz & Watson
       (via email - j.mcconnon@paulandpaul.com)
       Alex Sluzas, Esq., Counsel for Plaintiff, Super Bakery, Inc. and Dietz & Watson
       (via email - ars@paulandpaul.com)
       Mark H. Churchill, Esq., Counsel for Defendants (via email - mchurchill@mwe.com)
       Daniel T. Brier, Esq., Counsel for Defendants (via email - dbrier@mbklaw.com)