UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| PARKS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 5:15-cv-00946 |
| | : | |
| TYSON FOODS, INC.; HILLSHIRE | : | |
| BRANDS COMPANY, | : | |
| | : | |
| Defendants. | : | |

_____

## MEMORANDUM OPINION AND ORDER

**Defendants' Motion to Compel, ECF No. 51 – Granted in Part and Denied in Part**

**Joseph F. Leeson, Jr.**                                                                                       **August 25, 2015**
**United States District Judge**

### I.   Introduction

Presently before the Court is Defendants' Motion to Compel responses to various requests for production of documents and interrogatories. For the following reasons, the Court grants in part and denies in part Defendants' Motion.

The facts of this case, which involve claims by Plaintiff, the successor of the Parks Sausage Company, against Defendants based on Defendants' use of the name "Park's Finest" for a line of frankfurters, are set forth in detail in a previous opinion denying Plaintiff's motion for preliminary injunctive relief. See Parks, LLC v. Tyson Foods, Inc., No. 5:15-cv-00946, 2015 WL 4545408, at *1-6 (E.D. Pa. July 28, 2015). The Court is now faced with a discovery dispute between the parties arising out of a number of requests for production of documents and interrogatories that Defendants served on Plaintiff.

1

Defendants served Plaintiff with 115 requests for production of documents and eight interrogatories on May 22, 2015. Defs.' Mem. Supp. Mot. 3-4, ECF No. 51-1. Plaintiff served Defendants with written responses and objections on June 22, 2015. Id. at 3. Defendants state that Plaintiff produced 30,000 pages of documents in response to their requests for production but complain that these documents are "largely irrelevant" and "non-responsive" and that "no attempt was made to review [the documents] prior to [their] being made available for production." See id. at 3, 5. Defendants also allege that Plaintiff's production was incomplete because all of these documents were at least fourteen years old and because Plaintiff has failed to produce any electronic documents. Id. Defendants claim that Plaintiff conceded that it has not yet produced certain responsive documents, but that Plaintiff has failed to "commit to a date certain by which its non-objectionable unproduced documents would be provided." Id. at 3. With respect to the objections Plaintiff raised to Defendants' requests, Defendants claim that Plaintiff has "refused to identify under what Requests for Production it is withholding documents and based on what objection(s)." Id.

Plaintiff responds that the collection of documents it produced, which were sourced from Plaintiff's Baltimore plant, were organized "in their original folders, each identified by label" and were "presented to Defendants' counsel in the original boxes, labeled to describe the contents." See Pl.'s Resp. Opp. Mot. 3-4, ECF No. 53. Plaintiff also contends that it has produced documents created within the last fourteen years, pointing to documents that "disclose the contents of thousands of invoices created during the past 14 years including 2014" and to eleven emails regarding proceedings between the parties before the U.S. Trademark Trial and Appeal Board. Id. at 5. Plaintiff also argues that Defendants' Motion does not address any of Plaintiff's objections or attempt to establish the relevancy of each discovery request to the

present action. See id. at 2-3. Finally, Plaintiff accuses Defendants of various discovery failings of their own in their responses to Plaintiff's discovery requests.[1]

## II.     Defendants' Requests for Production of Documents

### A.     Defendants Have Not Established that Plaintiff's Document Production was Improper

Defendants argue that Plaintiff's production of approximately 30,000 documents was improper because the documents contain "irrelevant, non-responsive files" and were "not subject to any advance review by Plaintiff" prior to their production. See Defs.' Mem. Supp. Mot. 5. However, pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(i), a party may either "produce documents as they are kept in the usual course of business" or, alternatively, "organize and label them to correspond to the categories in the request." Here, Plaintiff represents that these documents "are the original records from the Baltimore plant in their original folders, each identified by label" and were "presented to Defendants' counsel in the original boxes, labeled to describe the contents." See Pl.'s Resp. Opp'n Defs' Mot. 3-4. Thus, it appears that Plaintiff is

---

[1]     Plaintiff's attempt to oppose Defendants' Motion by impugning Defendants' own discovery conduct is misguided. At issue are Defendants' requests for discovery and Plaintiff's responses thereto, not any purported deficiencies in Defendants' responses to any of Plaintiff's discovery requests. See City Line Constr. Fire & Water Restoration, Inc. v. Heffner, No. 07-1057, 2007 WL 1377643, at *2 (E.D. Pa. May 10, 2007) ("I note that the only motion currently before the Court involves the Defendants' failure to produce requested discovery. The fact that Plaintiffs may also be dragging their feet may be the subject of a future motion, but the court will not make any anticipatory rulings."); Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 656 (D. Md. 1997) ("[C]ounsel continues to argue that two wrongs make a right, and that his client should not be compelled to produce the requested discovery because the defendant has not adequately responded to plaintiff's discovery requests. . . . Seldom have I heard a less persuasive argument.").

Plaintiff also contends that because "Defendants made no effort to resolve the dispute raised by Plaintiff's objections," Defendants' Motion is procedurally premature under Local Rule 26.1, which requires all discovery motions to "contain[] a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." See E.D. Pa. Local R. Civ. P. 26.1(f). Defendants' Motion, however, follows a conference between the parties on July 20, 2015, during which the parties were unable to resolve their dispute, and a telephonic conference with the Court held on July 28, 2015, during which it was made abundantly clear that the parties had reached an impasse. At the conclusion of that telephonic conference, the Court directed Defendants to set forth their contentions and the authorities supporting those contentions by way of the present Motion.

In light of the fact that the present Motion comes before the Court at the Court's direction, the Court declines to award any expenses in connection with this Motion. See Fed. R. Civ. P. 37(a)(5).

3

relying on Rule 34's "usual course of business" option, and Defendants do not contend that Plaintiff's reliance on that aspect of Rule 34 is improper.

When a party elects to produce documents in the form and structure kept in the ordinary course of business, the party is not required to sift through the documents to separate the responsive documents from the non-responsive. See Anderson Living Trust v. WPX Energy Prod., LLC, 298 F.R.D. 514, 522 (D.N.M. 2014) ("The usual course of business—in the days of warehousing large numbers of hard copy documents—meant giving the requesting party free access to the facility without any culling or reviewing for responsiveness by the producing party."); City of Colton v. Am. Promotional Events, Inc., No. 10-3657, 2013 WL 1338235, at *5-6 (D.N.J. Apr. 1, 2013) ("[A] party exercising Rule 34's option to produce records as they are kept in the usual course of business should organize the documents in such a manner that the requesting party may obtain, with reasonable effort, the documents responsive to their requests." (quoting Armor Screen Corp. v. Storm Catcher, Inc., 2009 WL 291160, at *5 (S.D. Fla. 2009))). But see In re Thomas Consol. Indus., Inc., No. 04 CV 6185, 2005 WL 3776322, at *8 (N.D. Ill. May 19, 2005) ("[A]lthough the Federal Rules allow [a party] to produce the documents as they are kept in the ordinary course of business, [the party] remained obligated to sort through the documents [it]self and then produce only those responsive to the document requests." (citing Rothman v. Emory Univ., 123 F.3d 446, 455 (7th Cir. 1997))).[2] Nor must a party exercising this option "organize [the] documents produced to correspond with the categories identified in [the opposing party's] discovery requests" or "indicate for each produced document the document

---

[2] The In re Thomas court relied on a statement made by the United States Court of Appeals for the Seventh Circuit to reach this conclusion. In Rothman, the Seventh Circuit upheld an award of discovery sanctions based on the fact that the producing party "blatantly (and repeatedly) rebuffed his obligation to sort through the documents and produce only those responsive to [the opposing party's] request." But the producing party in Rothman, a law student suing his school, was not able to rely on the "usual course of business" option under Rule 34 and was therefore obligated to "organize and label" the documents he produced to "correspond to the categories in the request." See Fed. R. Civ. P. 34(b)(E)(i). A party exercising the option to produce documents as they are kept in the ordinary course of business is under no such obligation. Id.

4

request to which it is responsive." See Karakozova v. Trs. of Univ. of Pa., No. 09-02564, 2011 WL 238711, at *2 (E.D. Pa. Jan. 21, 2011) (quoting Directory Dividends, Inc. v. SBC Commc'ns, Inc., No. 01-CV-1974, 2003 WL 23208804 at *1 (E.D. Pa. Dec. 31, 2003)) (internal quotation marks omitted). Thus, the fact that the documents Plaintiff produced contained some non-responsive documents does not, at this time, appear to have been improper.

However, it is appropriate for the producing party to identify which requests for production the producing party is addressing through its production of documents. See HM Elecs., Inc. v. R.F. Techs., Inc., No. 12cv2884, 2014 WL 3014372, at *4 (S.D. Cal. July 3, 2014) (imposing sanctions in part because a producing party failed to comply with the court's order to "specify the documents or files requested by [the opposing party] that [were] available for review" among a warehouse of files made available to the opposing party). To the extent Plaintiff has not done so, Plaintiff shall provide this information to Defendants in accordance with the Order accompanying this Opinion.

Defendants are not foreclosed from seeking relief from the Court in the event that Plaintiff's production proves to have been inadequate under Rule 34. For example, "if the business record-keeping system used by a producing party is 'so deficient as to undermine the usefulness of production,' that party may not have met its obligations under Rule 34." Mizner Grand Condo. Ass'n v. Travelers Prop. Cas. Co. of Am., 270 F.R.D. 698, 700 (S.D. Fla. 2010) (quoting Pass & Seymour, Inc. v. Hubbell Inc., 255 F.R.D. 331, 336 n.2 (N.D.N.Y. 2008)); see Barton, 2013 WL 1338235, at *5-6 ("The standard this Court will use in determining what is required [under Rule 34(b)(2)(E)(i)] will be whether the production allows the requesting party to reasonably determine what documents are responsive to its requests."). In addition, Plaintiff's unsworn assertion that the documents were produced "in their original folders" stored in their

5

"original boxes" may not foreclose the possibility that these documents, which are "from the Baltimore plant of the Parks Sausage Company during the time it was operated by Plaintiff, from 1996 to 2000," see Pl.'s Resp. 3, are not presently organized as they were kept in the usual course of business. "Storing documents may be a part of the usual course of business, but stored documents are not kept in the usual course of business within the meaning of the Rule. . . . As to . . . documents in storage, they are no longer kept in the 'usual course of business,' they are kept in the usual course of 'storage,' and the option granted by the first clause of Rule 34(b) no longer exists." See In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 351, 363 (N.D. Ill. 2005); Ultratech, Inc. v. Tamarach Scientific Co., No. 03-3235, 2005 WL 40074, at *3 (N.D. Cal. Jan. 5, 2005) ("Rule 34 permits a party to produce the documents as they are kept in the 'usual course of business.' This alternative is not an option because these records 'are from companies that have been out of business for many years' and the boxes of documents were in storage." (quoting City of Wichita, Kan. v. Aero Holdings, Inc., No. 98-1360, 2000 WL 1480499, at *1 n.1 (D. Kan. 2000))). At this time, however, Defendants argue only that the documents "were not subject to any advance review by Plaintiff," which Plaintiff was not required to do absent some showing that Plaintiff was not entitled to rely on Rule 34's "usual course of business" option.

### B.     Plaintiff Shall Provide a Privilege Log or Similar Documentation to Defendants

A number of Plaintiff's objections to Defendants' requests for production rely on assertions of privilege. See, e.g., Dabney Decl. Ex. 1 to Ex. A, at 4-5, 10, 12, ECF No. 51-2.

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). Once a party withholds responsive documents on the basis of an assertion of privilege, "[a] log describing those documents not made available is in order." See Tex. Capital Corp. v. Fleet Capital Corp., No. Civ.A.03-1605, 2004 WL 1472778, at *1 (E.D. Pa. June 14, 2004); Apollo v. Pa. Convention Ctr. Auth., No. 11-6684, 2013 WL 6795978, at *4 (E.D. Pa. Dec. 23, 2013) (directing producing parties to produce a rolling privilege log contemporaneously with their production of documents); New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc., No. Civ.A. 98-775, 2000 WL 62315, at *8 (E.D. Pa. Jan. 13, 2000) ("Courts in this district have held that parties must comply with the requirements of Fed. R. Civ. P. 26(b)(5) by providing a privilege log." (citing Northwood Nursing & Convalescent Home, Inc. v. Cont'l Ins. Co., 161 F.R.D. 293, 299 (E.D. Pa. 1995))). If a party fails to timely produce a privilege log or other adequate description of the basis for withholding specific documents on the grounds of privilege, such failure may result in a waiver of the asserted privilege. See Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am., 254 F.R.D. 216, 221 (E.D. Pa. 2008).

Defendants assert that Plaintiff has "refused to identify under what Requests for Production it is withholding documents and based on what objection(s)," see Defs.' Mem. 3, a charge to which Plaintiff did not respond in its opposition to Defendants' Motion. To the extent Plaintiff has failed to identify the documents it has withheld on the basis of an assertion of privilege, Plaintiff must produce a privilege log or similar information to satisfy that obligation and shall do so in accordance with the Order accompanying this Opinion.

### III. Plaintiff Shall Respond to Defendants' Interrogatories in Accordance with this Opinion and Order

Defendants contend that Plaintiff's responses to Defendants' eight interrogatories fail to comply with Rule 33. Specifically, Defendants contend that Plaintiff has elected to respond by producing business records but has failed to specify which records are responsive to Defendants'

7

interrogatories, as required by Rule 33(d)(1). Plaintiff fails to offer any response to this contention in Plaintiff's response to Defendants' Motion.

A review of Plaintiff's responses to Defendants' interrogatories discloses that Plaintiff has lodged various objections to Defendants' interrogatories. But Plaintiff responded to each interrogatory both with one or more objections as well as with the statement that Plaintiff would produce, subject to its objections, "responsive, non-privileged documents, if any, pursuant to a reasonable search" at some undisclosed time in the future. Responding in this manner left the status of Plaintiff's answers in flux: Defendants had no way to discern from these responses, within the thirty-day period by which Plaintiff was required to answer each interrogatory, whether Plaintiff intended to object to an interrogatory in its entirety or whether Plaintiff intended to answer a part of each interrogatory without objection through the production of documents while objecting to the interrogatory in part. These responses necessarily fail to discharge Plaintiff's duty to state objections "with specificity." See Fed. R. Civ. P. 33(b)(4).

To the extent Plaintiff was attempting to answer each interrogatory in part by stating that it would produce responsive documents, subject to its objections, those answers are insufficient under Rule 33. While Rule 33(d) provides the option to respond to an interrogatory by reference to business records containing the information sought, the Rule requires more than a promise to produce certain unspecified records at some future time. A party relying on the procedure in Rule 33(d) must specify the responsive records in sufficient detail within thirty days after being served with the interrogatory. See Fed. R. Civ. P. 33(b)(2), (d); Fed. R. Civ. P. 33 advisory committee's note to 1980 Amendment to subdivision (c) ("[A] responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived."); Walt Disney Co. v. DeFabiis, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (finding that responding to an

interrogatory by agreeing to "provide documents in accordance with Rule 33(d)" does not comply with the Rule); Blake Assocs., Inc. v. Omni Spectra, Inc., 118 F.R.D. 283, 289-90 (D. Mass. 1988) (finding that an answer to an interrogatory stating that the party "will make available for examination by counsel documents responsive to this interrogatory" was "patently insufficient" under Rule 33).

In light of Plaintiff's failure to offer any response to this aspect of Defendants' Motion and the appearance that Plaintiff's answers to Defendants' interrogatories are both incomplete and contain improperly-asserted objections, the Court directs Plaintiff to respond to Defendants' interrogatories without objection, except for objections founded either on an assertion of privilege or on the need for the entry of a protective order prior to disclosure.[3] See Fed. R. Civ.

---

[3] Even if the Court declined to deem Plaintiff's other objections as waived, most, if not all, of the objections Plaintiff raised are insufficiently specific to satisfy the requirements of Rule 33(b)(4). Plaintiff's objections to five of Defendants' eight interrogatories are that they are "overly broad and unduly burdensome," but the only explanations Plaintiff offers for these objections consist of assertions that particular interrogatories seek information from "a time period of almost 20 years" or "call for the search for and the collection and detailed description" of certain documents, or that one interrogatory is improper because it "seeks all communications." These objections fail to "show specifically how the information requested . . . 'is overly broad, burdensome, or oppressive.'" See Griffin-El v. Beard, No. 06-2719, 2009 WL 678700, at *9 (E.D. Pa. Mar. 16, 2009) (quoting Smithkline Beecham Corp. v. Apotex Corp., Nos. Civ.A.99-CV-4304 et al., 2006 WL 279073, at *2 (E.D. Pa. Jan. 31, 2006)). When a party objects to a discovery request on the grounds that the request would impose an undue burden, the party "must 'demonstrate with specificity and factual detail the exact nature and extent of the burden.'" Id. (quoting Grider v. Keystone Health Plan Cent., Inc., No. Civ.A.2001-CV-05641, 2007 WL 2874423, at *6 (E.D. Pa. Sept. 27, 2007)).

For example, Plaintiff objected to Defendants' first interrogatory, which asks Plaintiff to "[i]dentify each of your Parks Products that have been distributed or sold since January 1, 1996," on the basis that such request is "overly broad and burdensome in that it seeks information since 1996, a time period of almost 20 years." See Dabney Decl. Ex. 2 to Ex. A, at 3. The mere fact that a request for information may apply to a substantial period of time does not, itself, establish that the request is overly broad or unduly burdensome. Whether a request is impermissibly broad depends upon the relationship of the request to the issues presented by the case, and whether the burden is impermissibly heavy depends upon the effort the producing party would be required to expend to answer the request, which may require information about the structure of the party's records and the actions the party would need to take to collect the necessary information. Plaintiff's objection does no more than point to the time period covered by the request, and there is no per se rule that discovery spanning a particular length of period of time is improper. See, e.g., Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980) (finding that an interrogatory seeking "to discover asbestos products which [the defendant] manufactured, processed, compounded, converted, sold, supplied or distributed since 1925," a request that spanned a period of fifty-five years, was "not wholly unreasonable or irrelevant"). If, for example, Plaintiff maintained an electronic database containing records of the sales of its products, retrieving the information needed to answer the interrogatory may only require a simple database query. Without additional information about the nature of the burden the request would impose on Plaintiff, neither Defendants nor the Court can assess the merit of Plaintiff's objection. See Clarke v. Mellon Bank, N.A., No. 92-CV-4823, 1993 WL 54435, at *3 (E.D. Pa. Mar. 1, 1993) ("Defendant has not demonstrated an undue burden here. For one, the Court has not been told that these records are maintained at various locations, rather than

P. 33(b)(4), 37(a)(4); Adhi Parasakthi Charitable, Med., Educ., & Cultural Soc'y of N. Am. v. Twp. of W. Pikeland, No. 09-cv-1626, 2010 WL 1047894, at *1 (E.D. Pa. Mar. 16, 2010) ("In responding to interrogatories, a party must either answer the interrogatory or object with specificity to the request. If the party does not properly object to the interrogatory, the objection is waived unless the court decides to excuse the failure." (internal citations omitted)).

## IV. Defendants' Motion is Denied in All Other Respects

In addition to Defendants' critique of the manner in which Plaintiff has produced documents for Defendants' review, Defendants also claim that Plaintiff's document production is incomplete, which Defendants contend justifies an order compelling Plaintiff to respond in full to each of Defendants' 115 requests for production without objection, except for any claim of privilege. Defendants, however, have not provided the Court with sufficient information to assess the status of Plaintiff's compliance with Defendants' requests, and Defendants' motion for such an order is therefore denied.

Defendants take issue with the fact that Plaintiff has "not commit[ted] to a date certain by which its non-objectionable unproduced documents would be provided." See Defs.' Mem. 3.

---

at one central location. Even if the records are maintained at several places the Court has no evidence to suggest that defendant and its agents cannot quickly and efficiently search the files to uncover the necessary information."); Transamerica Ins. Co. v. Thomas M. Durkin & Sons, Inc., No. 90-0968, 1990 WL 167969, at *3 (E.D. Pa. Oct. 30, 1990) ("The numerosity and detailed character of discovery requests is not, standing alone, sufficient reason for their disallowance. . . . Although the plaintiff's production requests and interrogatories are admittedly comprehensive, the defendants have failed to articulate any sufficient basis to conclude that the discovery requested is egregiously burdensome or oppressive.").

Plaintiff also objects to six of the eight interrogatories because they "fail[] to identify subparts and thus do[] not comply with Fed. R. Civ. P. Rule 26 making it more difficult to comply with Fed. R. Civ. P. Rule 26." See Dabney Decl. Ex. 2 to Ex. A, at 3-7. But Rule 26 contains no such requirement, and neither does Rule 33, which is the only discovery rule to discuss subparts of interrogatories. Rule 33(a)(1) provides that a "discrete subpart" of an interrogatory counts separately toward the twenty-five interrogatory limit imposed by the Rule, but the Rule does not require an interrogatory that contains multiple parts to separately identify each part. See Cardenas v. Dorel Juvenile Grp., Inc., 231 F.R.D. 616, 619-20 (D. Kan. 2005) (concluding that a single interrogatory, which consisted of a single sentence, "could be construed as having three discrete subparts," but did not count as multiple discrete subparts for the purpose of Rule 33's numerical limitation on interrogatories). Banks v. Office of Senate Sargeant-at-Arms, 222 F.R.D. 7, 10-11 (D.D.C. 2004) (surveying the various analytical methods that can be used to determine whether a single interrogatory contains multiple "discrete subparts," observing that, under one "draconian approach," each participial phrase of an interrogatory could be considered a subpart).

10

However, Defendants fail to inform the Court of the time Defendants specified in their requests for production by which Plaintiff was required to produce the documents. A request for the production of documents "must specify a reasonable time, place, and manner for the inspection and for performing the related acts." Fed. R. Civ. P. 34(b)(1)(B); see Am. Banana Co. v. Republic Nat'l Bank of N.Y., N.A., No. 99 CIV 1330, 2000 WL 521341, at *1 (S.D.N.Y. 2000); Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 654 (D. Md. 1997); 8B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2212 (3d ed. 2010) (stating that a request for production "must contain two things. It must set forth with reasonable particularity the items to be inspected and it must specify a reasonable time, place, and manner for the inspection and related acts."). If a request for production fails to specify a time for production, some courts are willing to imply a requirement that the documents be produced in a reasonable amount of time, see, e.g., L.H. v. Schwarzenegger, No. S-06-2042, 2008 WL 2073958, at *5 (E.D. Cal. May 14, 2008) ("Plaintiffs' request for production . . . did not specify a time to actually produce [the] requested documents as is required by Fed. R. Civ. P. 34(b)(1)(B). . . . Since plaintiffs did not provide a time for actual production, a reasonable time is presumed . . . ."), while other courts may refuse to enforce a request that fails to contain the information required under the Rule, see, e.g., Tex. Democratic Party v. Dallas Cnty., Tex., No. 3-08-CV-2117, 2010 WL 5141352, at *2 (N.D. Tex. 2010) (observing that requests for production did not "specify a 'time, place, and manner' for production or inspection" and concluding that "defendants have no duty to object to an informal discovery request that does not comply with Rule 34"); Slama v. City of Madera, No. 1:08-cv-00810, 2011 WL 6100511, at *2 (E.D. Cal. Dec. 7, 2011) (concluding that, even if a motion styled as a motion to compel could be construed as a request to produce documents, such request would be invalid because the motion "fail[ed] to

indicate a place, date, and time for the inspection of documents"), or simply refuse to hear any argument from the requesting party that the producing party has not acted promptly, see Massaro v. Allingtown Fire Dist., No. 3:02CV537, 2003 WL 223305133, at *3 (D. Conn. Apr. 25, 2003) ("If plaintiff argues that the date of actual production of the documents was untimely, his request for production . . . provides no guidance on the initial production as required.").

     Here, the Court does not have the ability to assess whether Plaintiff's production is untimely, because Defendants have not informed the Court of the time for compliance they specified in their requests for production. Defendants attached Plaintiff's responses to the requests as an exhibit to their Motion, but they did not provide the Court with a copy of the original requests, and the Motion itself makes no reference to the time for compliance specified in the requests. Thus, Defendants have not provided the Court with a basis to conclude that Plaintiff's production of responsive documents has not been timely. See Superior Commc'ns v. Earhugger, Inc., 257 F.R.D. 215, 220-21 (C.D. Cal. 2009) (concluding that a party that moved to compel the production of documents in a particular place failed to meet its burden after the party failed to provide the court with a copy of the requests for production or otherwise inform the court of the location the party designated for production); see also Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995) ("In order to succeed on a motion to compel discovery, a party must first prove that it sought discovery from its opponent.").

     Defendants also contend that Plaintiff has failed to produce any electronic documents or "a single document that was created in the last 14 years." See Defs.' Mem. 3. Plaintiff disputes these allegations, claiming that it has produced documents created within the last fourteen years and has provided Defendants with some electronic documents. See Pl.'s Resp. 4-5. But even if Defendants' allegations are true, the mere fact that Plaintiff has not produced documents of a

certain vintage or format does not, standing alone, supply a basis for the Court to conclude that Plaintiff's responses are deficient.

Rule 37 authorizes "a party who has received evasive or incomplete answers to discovery requests [to] move for an order compelling discovery." Plexicoat Am. LLC v. PPG Architectural Finishes, Inc., No. 13-cv-3887, 2015 WL 171831, at *2 (E.D. Pa. Jan. 14, 2015). Necessarily, however, a party moving to compel another party to respond to a discovery request must direct the Court to the particular discovery request at issue and inform the Court of how the response received to that request—if any—is deficient. Rule 34 contemplates a process by which a party serves another party with a request for the production of documents, receives a written response that either objects to the request or agrees to the production, and subsequently obtains access to the requested documents at the time, place, and in the manner specified in the request, subject to any objections. See Fed. R. Civ. P. 34. The requesting party may then review the production and any objections, assess the sufficiency of the production and the objections, and, if the party believes either to be deficient, confer with the producing party to attempt to obtain further documents. See Fed. R. Civ. P. 37(a)(1). Failing that, the requesting party may move the Court to compel the production sought. To enable the Court to assess that motion, the party must inform the Court of the result of this process: the Court must know which request is at issue, how the response to that request is allegedly deficient, and why the producing party's response runs afoul of the discovery rules. Without this information, the Court cannot assess whether Plaintiff's alleged failure to provide Defendants with electronic documents or documents created within the last fourteen years evidences a failure to fully respond to any particular request for production.[4]

---

[4] It appears that a number of Defendants' requests for production may not call for either electronic documents or documents created in the last fourteen years, which would mean that Plaintiff could not be faulted for failing to produce such documents in response to those requests. For example, Defendants' second numbered request seeks "Documents sufficient to identify every person who was or is an officer or director of Parks, LLC." See

See Royster v. Corizon, No. 3:CV-13-1449, 2015 WL 853788, at *2 (M.D. Pa. Feb. 26, 2015) (explaining that the moving party "must supply the court with . . . defendants' response to his discovery request, and advise the court why the response is inadequate or otherwise improper" for "[w]ithout this information the court cannot accurately assess [the party's] motion to compel"); Jones v. Lehigh Sw. Cement Co., No. 1:12-cv-00633, 2014 WL 346619, at *3 (E.D. Cal. Jan. 30, 2014) ("Plaintiff fails to identify to which of the discovery requests he believes Defendant failed to respond or to which he believes Defendant provided incomplete responses. As a result, Plaintiff fails entirely to meet his obligation to inform the Court 'which discovery requests are the subject of [the] motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why the [opposing party's] objections are not justified.'" (alterations in original) (quoting Ellis v. Cambra, No. 1:02-cv-05646, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008))).

Because Plaintiff has interposed various objections to Defendants' requests for production, Defendants also bear the burden of showing that each request to which Plaintiff objected seeks information properly discoverable under Rule 26 before they are entitled to an order compelling Plaintiff to comply with the requests. See Mohmah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) ("If [an] objection has been properly articulated, it rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26."). As Defendants have made only sweeping references to all 115 requests, Defendants' Motion fails to carry this burden. Defendants' contention that "[t]he relevance of the Requests is

---

Dabney Decl. Ex. 1 to Ex. A, at 5. Given that the Parks, LLC entity appears to have been formed in 1996, it is quite plausible that a full response to this interrogatory would require neither an electronic document nor a document produced in the last fourteen years. Defendants' fourth numbered request seeks "All documents concerning your knowledge that the Parks Marks and assets were possibly for sale by H.G. Parks." See id. As Plaintiff points out in its written response to this request, this request is "directed to events at least more than 19 years ago," and it is plausible that the only documents under Plaintiff's control that are responsive to this request are in a non-electronic format. Thus, the mere fact that Plaintiff has allegedly failed to produce electronic documents or documents created in the last fourteen years means little without reference to any specific document requests.

14

apparent from their text, and any threshold relevance showing did not . . . require explication across 115 Requests for Production," see Defs.' Reply Supp. Mot. 4, ECF No. 54, would shift this burden from Defendants to the Court, requiring the Court to review each request and attempt to identify a connection between the request and the issues presented in this case. These requests for production were formulated by Defendants, and Defendants bear the burden of articulating at first instance why the requests are proper.[5]

ACCORDINGLY, this 25th day of August, 2015, upon consideration of Defendants' Motion to Compel, ECF No. 51, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff shall identify to Defendants which of Defendants' 115 requests for production Plaintiff's production of documents from Plaintiff's Baltimore plant have satisfied, in whole or in part, **within seven days of the date of this Order.**

2. To the extent Plaintiff has not already done so, Plaintiff shall provide a privilege log or similar documentation to Defendants, sufficient to discharge its obligations under Rule 26(b)(5)(A), that addresses any assertion of privilege upon which Plaintiff is presently relying to withhold responsive documents to Defendants' requests for production **within seven days of the date of this Order.**

3. Preparation and submission of a proposed protective order.

    (a) To the extent Plaintiff is presently withholding any responsive document to Defendants' requests for production on the basis that a protective order must be in place prior to disclosure to limit the dissemination of the document, Plaintiff shall provide Defendants with

---

[5] In light of the conspicuous absence of citations to any case law authorities in Defendants' memorandum of law and, with respect to the portion of Defendants' memorandum that addresses Defendants' requests for production, citations to any authorities at all except for Rule 37, Defendants are reminded of Local Rule 7.1(c), which requires that each contested motion be accompanied "by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion." E.D. Pa. Local R. Civ. P. 7.1(c).

a proposed protective order sufficient to resolve those objections **within seven days of the date of this Order**.[6]

(b) Plaintiff shall submit the proposed protective order to the Court for approval no later than **ten days of the date of this Order**, indicating in its submission whether Defendants oppose the proposal.

4. **Within ten days after Plaintiff provides to Defendants the information contained in items (1) and (2) of this Order**, the parties shall confer regarding any outstanding objections to each of Defendants' requests for production. Plaintiff shall be prepared to provide Defendants with a specific explanation[7] of the reasons for each objection to each request for production.

5. <u>Responses to Defendants' interrogatories</u>.

(a) **Within seven days of the date of this Order**, Plaintiff shall respond to each of Defendants' eight interrogatories without objection except for any objection founded on either (i) an assertion of privilege or (ii) the need for a protective order to protect confidential information or information protected as a trade secret. If Plaintiff elects to respond to any interrogatory by reference to a business record, those records shall be specified in accordance

---

[6] A number of Plaintiff's objections to Defendants' requests for production rely in whole or in part on Plaintiff's assertion that a protective order must be in place prior to disclosure to limit the disclosure of documents that are confidential or protected as trade secrets. <u>See, e.g.</u>, Dabney Decl. Ex. 1 to Ex. A, at 5, 7, 8.

[7] An objection to a request for production of documents must include the reasons for the objection. <u>See</u> Fed. R. Civ. P. 34(b)(2)(B). "Rule 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to." <u>Harcum v. Leblanc</u>, 268 F.R.D. 207, 210 (E.D. Pa. 2010). "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." <u>Momah v. Albert Einstein Med. Ctr.</u>, 164 F.R.D. 412, 417 (E.D. Pa. 1996). If a party objects that a discovery request is irrelevant or unduly burdensome, that party "must show specifically how the request is burdensome, oppressive, or irrelevant." <u>Alexander v. Roadway Express, Inc.</u>, No. 08-4591, 2009 WL 793022, at *2 (E.D. Pa. 2009); <u>P.V. ex rel. Valentin v. Sch. Dist. of Phila.</u>, No. 2:11-cv-04027, 2012 WL 676993, at *2 n.2 (E.D. Pa. Mar. 1, 2012) (refusing to entertain conclusory objections that certain discovery requests were "overbroad and unduly burdensome" without "affidavits or other evidence which reveals the nature of the burden"); <u>supra</u> note 3.

with Federal Rule of Civil Procedure 33(d) and made available to Defendants, if not already available to Defendants, **within seven days of the date of this Order.**

        (b)     Plaintiff shall ensure that the proposed protective order that Plaintiff shall prepare in accordance with item (3) of this Order encompasses any objection to an interrogatory founded on the need for a protective order to be in place prior to answering the interrogatory. Plaintiff shall provide Defendants with any responses withheld solely on the basis of the need for a protective order **within 48 hours of the Court's entry of such a protective order**.

        (c)     Plaintiff shall include any objection to an interrogatory founded on an assertion of privilege in the privilege log or similar documentation that Plaintiff shall provide to Defendants in accordance with item (2) of this Order.

      6.     In all other respects, Defendants' Motion is **DENIED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge