UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| PARKS, LLC, | : |
| | : |
| Plaintiff, | : |
| v. | :  No. 5:15-cv-00946 |
| | : |
| TYSON FOODS, INC.; HILLSHIRE | : |
| BRANDS COMPANY, | : |
| | : |
| Defendants. | : |

_____

# **O R D E R**

AND NOW, this 25th day of August, 2015, upon consideration of Defendants' Motion for Protective Order, ECF No. 52, **IT IS ORDERED** that Defendants' Motion is **GRANTED**.[1]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] Plaintiff objected to Defendants' Motion on the basis that certain documentary and testimonial evidence presented to the Court during the Court's hearing on Plaintiff's motion for preliminary injunctive relief may fall within the scope of the umbrella protective order Defendants have proposed. Plaintiff acknowledges that the proposed protective order provides that "[n]o information that is in the public domain shall be deemed or considered to be Protected Information," but nonetheless requests that the proposed protective order contain a specific exception for information "presented by Defendants in the June 15, 2015 preliminary injunction hearing." The Court concludes that this exception is unnecessary. Pursuant to the terms of the protective order, if Plaintiff believes that Defendants have improperly designated any information as protected that is in the public domain, Plaintiff may challenge that designation by serving notice on Defendants, at which time Defendants would be required to justify the designation.

The Court takes this opportunity to remind each of the parties that material should not be designated as protected under an umbrella protective order unless such material is "at least arguably subject to protection," and that the act of designating a document as protected "may be viewed as equivalent to a motion for protective order and subject to the sanctions of Fed. R. Civ. P. 26(g)." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1122 n.17 (3d Cir. 1986) (quoting Manual for Complex Litigation (Second) § 21.431 (1985)).